**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AT DALLAS**

**We The Handicapable, et al**

v.                Case Number: _3:21-cv-00379-K-BN_____

**Ladera, et al.**

### 1st AMENDED VERIFIED COMPLAINT AND REQUEST FOR EMERGENCY INJUNCTION

**COMES NOW**, Al M Williams, pro se', Intevenor Plaintiff, for his verified Complaint and Request for Emergency Injunction

<u>**Plaintiffs:**</u> Al M Williams and family
    3930 Accent DR, 2411
    Dallas, Texas 75287

<u>**Defendants**</u>:
 a) Ladera Apartments,
 b) Ms. Judy, Owner,
 c) Daniel Paz
    3939 Accent DR,
    Dallas, Texas 75287

<u>This Court has jurisdiction and venue over the matters in this complaint</u>

1. My Name is Al M Williams, plaintiff, tenant, and intervening party as I have an equitable security interest in these proceeding to protect. I am being retaliated against in violation of my First Amendment right to "Free Speech" and discriminated against violating Equal Protection Clause of Constitution, and ADA by Ladera Apartment staff.

2. I am a vulnerable "covered person" pursuant to the Cares Act and resident of Ladera Apartments located at 3930 Accent DR, 2411; Dallas, Texas 75287 .

3. That at all times relative to this complaint, Ladera was in possession of CDC Declarations of household member.

4. That on March 17, 2021, in the midst of COVID pandemic, two national disasters, the worst ice storm ever, with below freezing temperatures around 8 degrees; Ladera tried and sought out to remove me and my family from the housing unit Ladera Apartments located at 3930 Accent DR, 2411; Dallas, Texas 75287.

1

5. That I *wholly* objected to Ladera's request for **"Removal"** from the housing unit at 2411.

6. That removal it is illegal and will result in death by COVID and Winter Storm Uri. It is well-settled that Removal of a covered person is a "prohibited act" by the Moratorium.

7. Ladera sought eviction in bad faith, harassment, it is groundless in both fact and law. The pleading was filed for an improper purpose.

8. Ladera staff is very much aware that I am chronically ill and a covered person. Ladera is a covered property. I am vulnerable to death by exposure to COVID. My family members are vulnerable to death by exposure to COVID. This is intentional harassment. (See attached CDC declarations)

9. That Ladera, plaintiff, has intentionally violated established law in seeking out to evict me on March 17, 2021. This act was in retaliation for the complaints made to Matthew, Manager, on that same day regarding the "lockout" and inhumane living conditions in apartment 2411.

10. It is well-settled that: *'The Moratorium "temporarily prohibits evictions of residential and commercial tenants for failure to pay rent due to COVID-19, and prohibits evictions of residential tenants during the emergency for no-fault reasons, for unauthorized occupants or pets, and for nuisances related to* COVID. **See APARTMENT ASSOCIATION OF LOS ANGELES COUNTY, INC. v. City of Los Angeles, Dist. Court, CD California 2020** –

11. Plaintiff Ladera brought this pleading for an improper purpose to threaten and harass as he knew that Execution and Actual Eviction were prohibited by The Moratorium. *The Moratorium (Doc. 1-2) at page 4, provides that landlords "shall not evict any covered person" —that is, a tenant who has supplied a certificate to the landlord. In Missouri a*

*suit to evict, if successfully prosecuted, results in a writ of eviction, which is then taken to a sheriff who has the sole authority to begin the actual dispossession of a tenant. A narrow or "strict" reading would be that it applies only when an actual* **physical removal** *is about to be undertaken, after a writ of eviction has been obtained. The prohibition of "any action" to* **"cause the removal"** *of a tenant simply means that* **an evicting officer shall not be sought out, or a moving van obtained, or some similar conduct undertaken to achieve an actual eviction**. *The earlier paper work is preliminary to even beginning a physical eviction, which is all that is* **forbidden** *by the Moratorium See* <u>KC Tenants, Plaintiff,v.David M. Byrn, et al., Defendants No. 20-00784-CV-W-HFS</u>

12. The plaintiff has already suffered irreparable harm and actual injury. He was hospitalized following the constructive eviction on March 17, 2021. Plaintiff will continue to suffer unncessary pain and suffering, mental anguish, and deterioration of health when removed and thrown out on the streets. This matter is of great public interest because Ladera has knowingly, callously, and intentionally disregarded the federal law. In fact Ladera believes that they are above the law. Without Court intervention the plaintiff will be subjected to more physical injury and death. The plaintiff and his family suffers from and has serious medical needs of chronic conditions.

13. Ladera's eviction has caused harm to the plaintiff and his family to a degree yet to be determined. That Ladera will remove the plaintiff's and intentionally subject them to harm of death if this Court does not issue emergency relief injunctive

14. That there are similarly situated ignorant persons subjected to removal by Ladera and other Landlords in this community. They need relief from this Court as well. Class certification is appropriate.

15. That Ladera continues to seek out removal of my family from our household at 2411.

16. That Ladera believes that they are immune from federal law designed to protect all from COVID.

17. That Ladera challenges the Cares Act provisions and that there is a federal question regarding the applicability of the Cares Act that only this Court can resolve.

18. That this Court is the only Court that has jurisdiction to provide guidance and order damages and fines for Ladera's intentional violations of the Cares Act's Federal Moratorium on Evictions.

19. Monetary Damages alone will not make the plaintiff's whole, bring back life, restore loss of life, loss of health, or loss of kidney function .

WHEREFORE, all premises, injunction must issue -Immediate Emergency Injunction- to Halt Evictions and compelling Ladera to quit and refrain from all acts of harassment and removal of the plaintiff and his family from their home.

a) A trial by a twelve person jury on all claims triable
b) That Ladera, Matthew, Ms Judy and its Counsel must be fined $200,000.00 a piece for knowingly and intentionally violating federal law pursuant to Cares Act, 18 USC, 357 142 USC 271 and 42 CFR 18.
c) Compensatory Damages in the amount of $150,000.00 for actual damagegs, unecessary pain and suffering, and mental anguish.
d) That Punitive Damages be imposed in the amount of $500,000.00 for intentionally and knowingly harming the plaintiff and its family.
e) That Injunction must flow, summons be issued immediately, preliminary relief be granted
f) That class action certification be determined and made to protect all similarly situated individuals.
g) attorney fees and costs and all other relief

*The statement made are accurate, correct, and true to the best of my knowledge information and belief pursuant to penalties of perjury USC 1746*

*/s/Al wms/s/*
Al M Williams

Dallas, Texas 75287
214-414-6371
legalaccessInc@icloud.com