---

| | |
|---|---|
| **From:** | Legal Access Inc <legalaccessaw@gmail.com> |
| **Sent:** | Wednesday, March 10, 2021 5:33 AM |
| **To:** | USDCemergencyfile |
| **Subject:** | 4:21-cv-00154-ask-mph (cea) |

**CAUTION - EXTERNAL:**

Please accept I am hospitalized

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS AT PLANO

**AL M WILLIAMS AND FAMILY, ET AL.**

**V, CASE NUMBER 4:21-CV-00154-SDJ-KPJ**
**(HEARING IS DEMANDED)**
**LADERA, ET AL**

### PLAINTIFF'S REPLY BRIEF

**COMES now, ALM Williams and others for his reply to defendant Laderas answer to his original complaint states that this court has jurisdiction to hear these matters, respectfully states to following:**

**INTRODUCTION**
Without questioning, This Is a matter of great public interest. The words of the CDC Act have been misconstrued construed due to its elasticity which has led to wrongful interpretations.The legislative intent is not being complied.
Most importantly, The CDC case of: *Lauren Terkel etc al. V. Centers for Disease Control and Prevention et al. is under appeal to Fifth Circuit Court of Appeals case number: U21-40137*. So as it stands today the CDC Moratorium Act to Temporarilty Halt Evictions, is constitutional. More so, over 20 other districts have upheld the law and only one district which is located in the state of Texas have ruled against it. I am pretty certain that when it reaches the United States Supreme Court a ruling will be issued to uphold the Act unanimously.
     The intent of the Act has been grossly distorted and robbed of its true meaning and legislative intent. The plaintiff has alleged and will prove Constitutional violations he has suffered of Retaliation, ADA, and Freedom of Speech which trigger a finding of irreparable harm. They also triggered this (targeted-retaliatory- singled out) unconscionable act by Ladera.

**ARGUMENT**
There is standing, a basis for relief, and jurisdiction and the plaintive does qualify for protection of the CDC moratorium as he did submit a declaration and he is a covered person by virtue of submission of that declaration. The plaintive does not need to be
"named on a lease " to become a covered person. He simply must submit the declaration to the landlord. That he did. Besides, the CDC Declaration even covers unauthorized occupants and pets as well. (*See plaintiffs complaint at paragraph #10 and precedent in support*)

1. I am pro se' litigant, was rushed, and weak from exposure to virus, and I hospitalized right now, as I draft this reply. After reviewing my complaint, I have determined that I misled the Court in

its decision making process because of a typo;missed in my rushed complaint. Upon which the Courts took into consideration and made its decision, diminishing urgency, and reducing the significance of the of irreparable harm demonstrated and triggered.

2. The Plaintiff accidentally inserted March 17, 2021 as the date of his actual removal but in reality the date of actual removal was supposed to be February 17, 2021 at the time of filing his emergency motion. (See attached Complaint and email documents Exhibit A, and B)
3. Now, The Date of Actual Removal has been reset to March 11, 2021 due to the catastrophic Ice storm URI which shut the court house down On February 17, 2021 preventing that date of Actual Removal.
4. **THE PLAINTIFF HAS ESTABLISHED THE IRREPARABLE HARM PROVISION**
5. Ladera is now re-scheduled to actually removing the plaintiff and family from their own home on March 11, 2021. **This is (2)two days away**. Today the plaintiff has re- established imminent, emergent, and Irreparable harm as alleged upon oath in his original pleading.
6. The Defendant Ladera is illegally seeking to remove the family from their home. The plaintiff is not seeking to circumvent a state court eviction because a state Court Eviction is inappropriate since this case was appealed to and is under jurisdiction to be decided by the Supreme Court of Texas. The plaintiff simply seeks to vindicate his rights pronounced by the Act and Vinducate his constitutional rights that were violated by Ladera. This Court has the jurisdiction to do so.
7. The plaintiff's original complaint has clearly alleged Free-speech, 1st Amendment retaliation , and ADA all violations of our constitutution as well. These actions were retaliatory and DO trigger the irreparable harm provision. See *Chamberless.*
8. Further plaintiff is hospitalized right now suffering harm as a result of packing heavy items from the household because of Ladera's illegal "Actual Removal from his residency" he is in fear of being wrongfully removed.
9. The Plaintiffs original complaint had also clearly alleged actual harm he suffered as direct proximate cause of the impending harm, *(See complaint at paragraphs 6-10)*
10. Further plaintiff is hospitalized right now suffering harm. As a direct proximate result of Laderas CDC violation and Constitutional Violations as well.

See: **CHAMBLESS ENTERPRISES, LLC, ET AL.,v.ROBERT REDFIELD, ET AL.** Civil Action No. 3:20-cv-01455.United States District Court, W.D. Louisiana, Monroe Division.December 22, 2020

, "[t]hat the nature of certain constitutional violations, such as violations of the freedoms of speech and privacy, is such that they necessarily cause irreparable harm does not, however, establish that any alleged constitutional violation does so." *Lambert v. Bd. of Comm'rs of Orleans Levee Dist.,* No. CV 05-5931, 2006 WL 8456316, at *7 (E.D. La. Mar. 22, 2006); see also, e.g., *Bouchard Transp. Co. v. Dep't of Homeland Sec.,* No. 20-1116, 2020 WL 1689869, at *2 (E.D. La. Apr. 7, 2020) (similar). Additionally, as another federal court recently explained in denying a preliminary injunction in a similar challenges to the CDC Order, "[m]erely asserting a constitutional claim is insufficient to trigger a finding of irreparable harm," particularly where the alleged injury "involves neither free speech nor invasion of privacy." *Brown,* 2020 WL 6364310, at *18.

The harm alleged by the plaintiff in his complaint involves retaliation for free speech which is a matter of great public interest!

**"IT IS ALWAYS IN PUBLIC INTEREST TO PREVENT THE VIOLATION OF A PARTYS CONSTITUTIONAL RIGHTS. "**

*Finally, Plaintiffs argue that it can never be in the public interest for government to violate separation of powers because the Constitution represents the "ultimate expression of the public interest." Gordon v. Holder, 721 F.3d 638, 653 (D.C. Cir. 2013). See Jackson Women's Health Org. v. Currier, 760 F.3d 448, 458 n.9 (5th Cir. 2014) ("It is always in the public interest to prevent the violation of a party's constitutional rights.") (citing Awad v. Ziriax, 670 F.3d 1111, 1132 (10th Cir. 2012)).*

**THE PLAINTIFF HAS ESTABLISHED THE IRREPARABLE HARM PROVISIONS AND HAS SUFFERED IRREPARABLE HARM AS DIRECT PROXIMATE RESULT OF LADERA'S VIOLATIONS OF CDC'S ACT TO HALT EVICTIONS ALL FOR SAKE OF RETALIATION TO LOW BALL DEFENDANTS= CHEAP SETTLEMENT**

a) Finally, This Court has jurisdiction because plaintiffs constitutional rights have been violated and it is the jurisdiction of this Court to vindicate those rights as alleged in his verified pleading.

b) The plaintiff MOVES that this Court acknowledge the typo in his complaint and adjust the resulting order regarding the *"date of actual removal to be (2) days away"* and find for emergency relief. Injunction must flow!

c) This Court has jurisdiction because there were (3) three CDC declarations attached to the complaint as Exhibits A,B, and C. All three of the CDC declarations were provided to the landlord via email as well. *(See Email to Ms Judy dated February 22, 2021)* Therefore we have (3) covered persons including the plaintiff. Injunction must flow!

d) Ironically, the defendant has only provided 1 declaration from a household in his answer. But the law is clear that only 1 declaration submission per household is all that is required to cover entire household. (*See CDC FAQs.*) Injunction must flow!

WHEREFORE, all premises, (TRO) emergency injunction is necessary to prevent anymore irreparable harm and this case be set for trial on constitutional violations and to enforce penalty on Ladera for its groundless, improper, retaliatory CDC Violations. Or Negligence. Or Outrageous, Unconscionable acts.

Respectfully,
Al M Williams , pro se
3930 Accent Dr 2411
Dallas, TX 75287
LegalAccessAW@Gmail.com
214-414-6371

A copy was served Ladera today March 9, 2021

Sent from my iPad

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.