IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AT DALLAS

We The Handicapable, et al

v.                    Case Number: _3:21-cv-00379-K-BN_____

Ladera, et al.

### 1st AMENDED VERIFIED COMPLAINT AND REQUEST FOR EMERGENCY INJUNCTION

**COMES NOW**, Al M Williams, pro se', Intevenor Plaintiff, for his verified Complaint and Request for Emergency Injunction

**Plaintiffs:** Al M Williams and family
3930 Accent DR, 2411
Dallas, Texas 75287

**Defendants**:
a) Ladera Apartments,
b) Ms. Judy, Owner,
c) Daniel Paz
3939 Accent DR,
Dallas, Texas 75287

This Court has jurisdiction and venue over the matters in this complaint

1. My Name is Al M Williams, plaintiff, tenant, and intervening party as I have an equitable security interest in these proceeding to protect. I am being retaliated against in violation of my First Amendment right to "Free Speech" and discriminated against violating Equal Protection Clause of Constitution, and ADA by Ladera Apartment staff.

2. I am a vulnerable "covered person" pursuant to the Cares Act and resident of Ladera Apartments located at 3930 Accent DR, 2411; Dallas, Texas 75287 .

3. That at all times relative to this complaint, Ladera was in possession of CDC Declarations of household member.

4. That on March 17, 2021, in the midst of COVID pandemic, two national disasters, the worst ice storm ever, with below freezing temperatures around 8 degrees; Ladera tried and sought out to remove me and my family from the housing unit Ladera Apartments located at 3930 Accent DR, 2411; Dallas, Texas 75287.

1

5. That I *wholly* objected to Ladera's request for **"Removal"** from the housing unit at 2411.

6. That removal it is illegal and will result in death by COVID and Winter Storm Uri. It is well-settled that Removal of a covered person is a "prohibited act" by the Moratorium.

7. Ladera sought eviction in bad faith, harassment, it is groundless in both fact and law. The pleading was filed for an improper purpose.

8. Ladera staff is very much aware that I am chronically ill and a covered person. Ladera is a covered property. I am vulnerable to death by exposure to COVID. My family members are vulnerable to death by exposure to COVID. This is intentional harassment. (See attached CDC declarations)

9. That Ladera, plaintiff, has intentionally violated established law in seeking out to evict me on March 17, 2021. This act was in retaliation for the complaints made to Matthew, Manager, on that same day regarding the "lockout" and inhumane living conditions in apartment 2411.

10. It is well-settled that: *'The Moratorium "temporarily prohibits evictions of residential and commercial tenants for failure to pay rent due to COVID-19, and prohibits evictions of residential tenants during the emergency for no-fault reasons, for unauthorized occupants or pets, and for nuisances related to* COVID. See **APARTMENT ASSOCIATION OF LOS ANGELES COUNTY, INC. v. City of Los Angeles, Dist. Court, CD California 2020** –

11. Plaintiff Ladera brought this pleading for an improper purpose to threaten and harass as he knew that Execution and Actual Eviction were prohibited by The Moratorium. *The Moratorium (Doc. 1-2) at page 4, provides that landlords "shall not evict any covered person" —that is, a tenant who has supplied a certificate to the landlord. In Missouri a*

*suit to evict, if successfully prosecuted, results in a writ of eviction, which is then taken to a sheriff who has the sole authority to begin the actual dispossession of a tenant. A narrow or "strict" reading would be that it applies only when an actual* **physical removal** *is about to be undertaken, after a writ of eviction has been obtained. The prohibition of "any action" to* **"cause the removal"** *of a tenant simply means that* **an evicting officer shall not be sought out, or a moving van obtained, or some similar conduct undertaken to achieve an actual eviction**. *The earlier paper work is preliminary to even beginning a physical eviction, which is all that is* **forbidden** *by the Moratorium See* **<u>KC Tenants, Plaintiff,v.David M. Byrn, et al., Defendants No. 20-00784-CV-W-HFS</u>**

12. The plaintiff has already suffered irreparable harm and actual injury. He was hospitalized following the constructive eviction on March 17, 2021. Plaintiff will continue to suffer unncessary pain and suffering, mental anguish, and deterioration of health when removed and thrown out on the streets. This matter is of great public interest because Ladera has knowingly, callously, and intentionally disregarded the federal law. In fact Ladera believes that they are above the law. Without Court intervention the plaintiff will be subjected to more physical injury and death. The plaintiff and his family suffers from and has serious medical needs of chronic conditions.

13. Ladera's eviction has caused harm to the plaintiff and his family to a degree yet to be determined. That Ladera will remove the plaintiff's and intentionally subject them to harm of death if this Court does not issue emergency relief injunctive

3

14. That there are similarly situated ignorant persons subjected to removal by Ladera and other Landlords in this community. They need relief from this Court as well. Class certification is appropriate.

15. That Ladera continues to seek out removal of my family from our household at 2411.

16. That Ladera believes that they are immune from federal law designed to protect all from COVID.

17. That Ladera challenges the Cares Act provisions and that there is a federal question regarding the applicability of the Cares Act that only this Court can resolve.

18. That this Court is the only Court that has jurisdiction to provide guidance and order damages and fines for Ladera's intentional violations of the Cares Act's Federal Moratorium on Evictions.

19. Monetary Damages alone will not make the plaintiff's whole, bring back life, restore loss of life, loss of health, or loss of kidney function .

WHEREFORE, all premises, injunction must issue -Immediate Emergency Injunction- to Halt Evictions and compelling Ladera to quit and refrain from all acts of harassment and removal of the plaintiff and his family from their home.

a) A trial by a twelve person jury on all claims triable
b) That Ladera, Matthew, Ms Judy and its Counsel must be fined $200,000.00 a piece for knowingly and intentionally violating federal law pursuant to Cares Act, 18 USC, 357 142 USC 271 and 42 CFR 18.
c) Compensatory Damages in the amount of $150,000.00 for actual damagegs, unecessary pain and suffering, and mental anguish.
d) That Punitive Damages be imposed in the amount of $500,000.00 for intentionally and knowingly harming the plaintiff and its family.
e) That Injunction must flow, summons be issued immediately, preliminary relief be granted
f) That class action certification be determined and made to protect all similarly situated individuals.
g) attorney fees and costs and all other relief

*The statement made are accurate, correct, and true to the best of my knowledge information and belief pursuant to penalties of perjury USC 1746*

/s/ A l wms/ s/
Al M Williams

Dallas, Texas 75287
214-414-6371
legalaccessInc@icloud.com

## CDC EVICTION MORATORIUM ORDER TENANT CERTIFICATION

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the following are true and correct:

- I have used best efforts to obtain all available government assistance for rent or housing;

- I either (i) expect to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), (ii) was not required to report any income in 2019 to the U.S. Internal Revenue Service, or (iii) received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act;

- I am unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary out-of-pocket medical expenses;

- I am using best efforts to make timely partial payments that are as close to the full payment as my circumstances may permit, taking into account other nondiscretionary expenses;

- If evicted I would (i) likely become homeless, need to move into a homeless shelter, or (ii) need to move into a new residence shared by other people who live in close quarters because I have no other available housing options;

- I understand that I must still pay rent or make a housing payment and comply with other obligations that I may have under my tenancy, lease agreement, or similar contract, and I further understand that fees, penalties, or interest for not paying rent or making a housing payment on time as required by my tenancy, lease agreement, or similar contract may still be charged or collected; and

- I further understand that at the end of this temporary halt on evictions on January 31, 2021, my housing provider may require payment in full for all payments not made prior to and during the temporary halt and failure to pay may make me subject to eviction pursuant to State and local laws.

I understand that any false or misleading statements or omissions may result in criminal and civil actions for fines, penalties, damages, or imprisonment.

Name: ALSHTON MAURICE ROSE
Signature of Declarant

Address: 3930 Accent DR, 2411 Dallas Texas 75287
Date: 2/16/2021

* I DID RECIEVE A STIMULUS CHECK

* WE DO NOT HAVE WATER TO FLUSH TOILET OR WASH OUR HANDS OR COOK (A)

## DECLARATION UNDER PENALTY OF PERJURY FOR THE CENTERS FOR DISEASE CONTROL AND PREVENTION'S TEMPORARY HALT IN EVICTIONS TO PREVENT FURTHER SPREAD OF COVID-19

This declaration is for tenants, lessees, or residents of residential properties who are covered by the CDC's order temporarily halting residential evictions (not including foreclosures on home mortgages) to prevent the further spread of COVID-19. Under the CDC's order you must provide a copy of this declaration to your landlord, owner of the residential property where you live, or other person who has a right to have you evicted or removed from where you live. *Each adult listed on the lease, rental agreement, or housing contract should complete this declaration.* Unless the CDC order is extended, changed, or ended, the order prevents you from being evicted or removed from where you are living through January 31, 2021. You are still required to pay rent and follow all the other terms of your lease and rules of the place where you live. You may also still be evicted for reasons other than not paying rent or making a housing payment.

*This declaration is sworn testimony, meaning that you can be prosecuted, go to jail, or pay a fine if you lie, mislead, or omit important information. I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the following are true and correct:*

- I have used best efforts to obtain all available government assistance for rent or housing;

- I either expect to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), was not required to report any income in 2019 to the I.R.S., or received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act;

- I am unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary out-of-pocket medical expenses;

- I am using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses;

- If evicted I would likely become homeless, need to move into a homeless shelter, or need to move into a new residence shared by other people who live in close quarters because I have no other available housing options.

- I understand that I must still pay rent or make a housing payment, and comply with other obligations that I may have under my tenancy, lease agreement, or similar contract. I further understand that fees, penalties, or interest for not paying rent or making a housing payment on time as required by my tenancy, lease agreement, or similar contract may still be charged or collected.

- I further understand that at the end of this temporary halt on evictions on January 31, 2021, my housing provider may require payment in full for all payments not made prior to and during the temporary halt and failure to pay may make me subject to eviction pursuant to State and local laws. I understand that any false or misleading statements or omissions may result in criminal and civil actions for fines, penalties, damages, or imprisonment.

_____    1/27/2019
Signature of Declarant                Date

Ⓑ

## CDC EVICTION MORATORIUM ORDER TENANT CERTIFICATION

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the following are true and correct:

- I have used best efforts to obtain all available government assistance for rent or housing;

- I either (i) expect to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), (ii) was not required to report any income in 2019 to the U.S. Internal Revenue Service, or (iii) received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act;

- I am unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary out-of-pocket medical expenses;

- I am using best efforts to make timely partial payments that are as close to the full payment as my circumstances may permit, taking into account other nondiscretionary expenses;

- If evicted I would (i) likely become homeless, need to move into a homeless shelter, or (ii) need to move into a new residence shared by other people who live in close quarters because I have no other available housing options;

- I understand that I must still pay rent or make a housing payment and comply with other obligations that I may have under my tenancy, lease agreement, or similar contract, and I further understand that fees, penalties, or interest for not paying rent or making a housing payment on time as required by my tenancy, lease agreement, or similar contract may still be charged or collected; and

- I further understand that at the end of this temporary halt on evictions on January 31, 2021, my housing provider may require payment in full for all payments not made prior to and during the temporary halt and failure to pay may make me subject to eviction pursuant to State and local laws.

I understand that any false or misleading statements or omissions may result in criminal and civil actions for fines, penalties, damages, or imprisonment.

Name: AL MAURICE WILLIAMS
Address: 3930 Accent Dr 2411, Dallas, Texas 75287
Signature of Declarant
Date: 2/16/2021

\* I DID RECIEVE A STIMULUS CHECK

\* WE DO NOT HAVE WATER TO FLUSH TOILET OR WASH OUR HANDS OR COOK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AL M. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:21-cv-154-SDJ-KPJ |
| LADERA APARTMENTS, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## ORDER

Pending before the Court is Plaintiff Al M. Williams' First Verified Complaint and Request for Emergency Injunction (the "Emergency Motion") (Dkt. 6). Plaintiff alleges Defendants Ladera Apartments, "Ms. Judy," and Daniel Paz (collectively, "Defendants") are attempting to remove Plaintiff and his family from their apartment on March 17, 2021, in violation of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") and the Centers for Disease Control and Prevention's Eviction Moratorium. *See* Dkt. 6 at 1. Though Plaintiff alleges Defendants are located at 3939 Accent Drive, Dallas, Texas, 75287, it appears Ladera Apartments is located at 3939 E. Trinity Mills Road, Dallas, Texas, 75287. The Court notes that Trinity Mills Road is parallel to Accent Drive.

Upon consideration, **IT IS ORDERED** that the Clerk of Court shall serve Defendants a copy of Plaintiff's Emergency Motion (Dkt. 6) and this Order at 3939 E. Trinity Mills Road, Dallas, Texas, 75287, in an expedited manner through FedEx shipping.

**IT IS FURTHER ORDERED** that Defendants shall file a response, if any, to Plaintiff's Emergency Motion (Dkt. 6) by **Tuesday, March 2, 2021**.

1

**IT IS FURTHER ORDERED** that the parties shall appear for in-person oral argument before the undersigned on **Friday, March 5, 2021, at 1:30 p.m.**, at the Plano Courthouse, Courtroom 108, 7940 Preston Road, Plano, Texas, 75024. If, upon receipt of Defendants' response, the Court determines a hearing is not necessary, the Court will enter an order under separate cover and contact the parties regarding the same.

**So ORDERED and SIGNED this 25th day of February, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AL M. WILLIAMS, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:21-cv-154-SDJ-KPJ |
| LADERA APARTMENTS, *et al.*, | § § | |
| Defendants. | § § § | |

## ORDER

Pending before the Court is Plaintiff Al M. Williams' ("Plaintiff") Motion to Urge Emergency Injunction (the "Motion") (Dkt. 10). In the Motion, Plaintiff requests the Court reset its hearing on his Amended Request for Emergency Injunction (Dkt. 6) from March 5, 2021 to today, March 1, 2021. *See* Dkts. 9, 10. Plaintiff states he is unable to attend the March 5, 2021 hearing due to a recent death in his family as a result of COVID-19. *See* Dkt. 10.

While the Court sympathizes with Plaintiff's personal circumstances, the Court notes that Plaintiff has not explained why a hearing must be set for today on such short notice, rather than another day. Setting an *ex parte* hearing for this afternoon is a drastic measure. The Court finds such a measure is not warranted given that the writ of possession to evict Plaintiff, the requested basis for emergency relief and subject to be discussed on March 5, 2021, is not to be executed on Plaintiff's premises until March 17, 2021. *See* Dkt. 5.

Upon consideration, the Court finds Plaintiff's Motion (Dkt. 10) is hereby **DENIED**.

**So ORDERED and SIGNED this 1st day of March, 2021.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AL M WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-154-SDJ-KPJ |
| | § | |
| LADERA APARTMENTS, et al., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST VERIFIED COMPLAINT AND REQUEST FOR EMERGENCY INJUNCTION

Pursuant to the February 25, 2021, Order entered by this Honorable Court, Defendants Ladera Apartments, "Ms. Judy[1]," and Daniel Paz (collectively "Defendants") file their Original Answer to Plaintiff's First Verified Compliant and Request for Emergency Injunction filed by Plaintiff Al M Williams (the "Plaintiff"), and would respectfully show the Court the following:

### I. Admissions and Denials

1. By way of initial response and in accordance with the Federal Rules of Civil Procedure, Defendants make the following admissions and denials:

2. Defendants deny the allegations in paragraph 1.

3. Defendants deny the allegations in paragraph 2.

4. Defendants deny the allegations in paragraph 3.

5. Defendants deny the allegations in paragraph 4.

---

[1] Upon information and belief, "Ms. Judy" is a reference to Judith McMakin, the Vice President of Willmax Capital Management, the property management company for Ladera Apartments.

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST VERIFIED COMPLAINT
AND REQUEST FOR EMERGENCY INJUNCTION
21009.017                                                                                                    Page 1

6. Defendants deny the allegations in paragraph 5.

7. Defendants deny the allegations in paragraph 6.

8. Defendants deny the allegations in paragraph 7.

9. Defendants deny the allegations in paragraph 8.

10. Defendants deny the allegations in paragraph 9.

11. Defendants deny the allegations in paragraph 10.

12. Defendants deny the allegations in paragraph 11.

13. Defendants deny the allegations in paragraph 12.

14. Defendants deny the allegations in paragraph 13.

15. Defendants deny the allegations in paragraph 14.

16. Defendants deny the allegations in paragraph 15.

17. Defendants deny the allegations in paragraph 16.

18. Defendants deny the allegations in paragraph 17.

19. Defendants deny the allegations in paragraph 18.

20. Defendants deny the allegations in paragraph 19.

## II. Special Defenses

21. By way of further answer, Defendants assert the following:

22. Plaintiff lacks standing to bring this action. As set forth in the Verified Complaint, Plaintiff purports to be a tenant at Ladera Apartments. The truth, however, he is not. The tenant is Carolyn Williams, and she is the subject of the pending eviction litigation and judgment that Plaintiff is seeking to circumvent and ultimately enjoin from enforcement in this federal action.

23. By way of background, Plaintiff is not named as a tenant or an occupant for 3930 Accent Drive, Apartment No. 2411, Dallas, Texas 75287 (the "Leased Premises"). See Defendants' Exhibit 1, the Apartment Lease Contract. The only person named as a tenant or occupant is Carolyn Williams. Carolyn Williams fell behind on her rent and Ladera Apartments initiated a state court eviction proceeding against her before the onset of the Covid-19 pandemic.

24. Filed initially with the justice court, the court of original jurisdiction for eviction matters, the eviction litigation has proceeded from the justice court to the Denton County Court at Law No. 2 to the Texas Second Court of Appeals and back to the Denton County Court at Law No. 2, where it currently stands. The pertinent highlights of these proceedings[2] are as follows:

   a. January 16, 2020   Eviction filed against Carolyn Williams in Denton County Justice of the Peace, Precinct 6 (the "Justice Court"). Assigned Case No. E20-0302J6 and styled Ladera v. Carolyn Williams.

   b. February 11, 2020   Justice Court enters judgement in favor of Ladera Apartments.

   c. February 12, 2020   Carolyn Williams appeals the February 11, 2020, judgement from the Justice Court.

   d. February 20, 2020   Appeal transferred to Denton County Court at Law No. 2.

---

[2] For a complete listing of all the numerous pleadings filed in the state court eviction proceedings, see the docket's sheets attached as Defendants' Exhibit No. 2.

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST VERIFIED COMPLAINT
AND REQUEST FOR EMERGENCY INJUNCTION
21009.017                                                                                           Page 3

|   |   |   |
|---|---|---|
|   |   | (the "County Court at Law") Assigned Cause No. CV-2020-00600JP. |
| e. | March 5, 2020 | Following a trial *de novo* that Carolyn Williams did not appear, the County Court at Law entered a Final Judgement in favor of Ladera Apartments. |
| f. | April 27, 2020 | Carolyn Williams appeals March 5, 2020, Final Judgement. Appeal is assigned to the Texas Second Court of Appeals and given Appellate Case No. 02-20-00127-CV. |
| g. | January 21, 2021 | Texas Second Court of Appeals dismisses appeal. |
| h. | January 25, 2021 | Ladera Apartments requests writ of possession. |
| i. | January 30, 2020 | Carolyn Williams provides CDC Declaration |
| j. | February 2, 2021 | Ladera Apartments files Motion to Execute Writ of Possession which had been requested before receipt of the CDC Declaration. Pursuant to the Emergency Orders issued by the Supreme Court of Texas such challenges to a CDC Declaration are permitted. The Motion to Execute Writ of Possession is still pending. |

25. Throughout the state court eviction litigation, the party who has filed the repeated appeals and numerous court documents has been Carolyn Williams, not Plaintiff. Plaintiff cannot have standing when he is not a party to the Apartment Lease Contract or the state court eviction litigation.

26. Additionally, Plaintiff seeks relief in part, if not completely, based on the CDC Eviction Moratorium. Plaintiff, however, cannot seek such relief based on the opinion of <u>Trekel v. Centers for Disease Control and Prevention</u>, No. 6:20-cv-00564, United States Court for the Eastern District of Texas, February 25, 2021. In <u>Trekel</u>, the Court held that the "federal government's Article I power to regulate interstate commerce and enact laws necessary and proper to that end <u>does not include the power to impose the challenged eviction moratorium [the CDC Eviction Moratorium]</u>." (emphasis added). Because the federal government lacked the power to enact the CDC Eviction Moratorium, Plaintiff has no basis for a cause of action or relief based on an unconstitutional moratorium. Nor does Plaintiff have

27. Additionally, this Honorable Court lacks jurisdiction to decide the issue of possession. The issue of the right to possession of real property is exclusive within the jurisdiction of the state court. Special rules and procedures govern such proceedings, including procedures to handle eviction cases in which the protections of the CDC Eviction Moratorium have been enacted. <u>See Supreme Court of Texas 34th Emergency Order</u>.

28. Assuming *arguendo* that there is standing, a basis for relief, and jurisdiction, Plaintiff does not qualify for the protections of the CDC Eviction Moratorium. A person qualifies under the CDC Eviction Moratorium if the person submitting the declaration is a covered person and that covered person makes certain declarations. Plaintiff is not a covered person. As noted prior, he is not a tenant, lessee, or resident of the Leased Premises. Moreover, he did not submit the CDC Declaration. The CDC Declaration was submitted by Carolyn Williams. <u>See Defendants' Exhibit 3, the CDC Declaration emailed to Judith McMakin</u>

from Carolyn Williams. Because he did not submit a CDC Declaration, he is not protected.

29. Moreover, if he was a covered person and submitted a CDC Declaration, Plaintiff would not qualify for its protections. Plaintiff would not qualify because he would not be homeless if evicted. Plaintiff has represented in other judicial proceedings that he has a home separate and apart from the Leased Premises.

### III. Affirmative Defenses

30. By way of further answer, Defendant Daniel Paz asserts the affirmative defense of attorney immunity.

WHEREFORE, PREMISES CONSIDERED, Defendants request that all relief requested by Plaintiff be denied and that this matter be dismissed with prejudice.

Respectfully submitted,

THE PAZ LAW FIRM, PLLC

By:  /s/ Daniel Paz
Daniel Paz
State Bar No. 24027722
daniel@thepazlawfirm.com

14330 Midway Rd., Suite 214
Dallas, Texas 75244
Telephone: (214) 812-9061
Facsimile: (214) 812-9420
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2021, a true and correct copy of the foregoing was emailed and hand-delivered to:

Al M Williams
3930 Accent Drive
Apartment No. 2411
Dallas, Texas 75287
**legalaccessaw@gmail.com**

/s/ *Daniel Paz*
Daniel Paz

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AL M. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>LADERA APARTMENTS, *et al.*,<br><br>    Defendants. | §§§§§§§§§§§§ Civil Action No. 4:21-cv-154-SDJ-KPJ |

## ORDER

Pending before the Court is Plaintiff Al M. Williams' ("Plaintiff") First Verified Complaint and Request for Emergency Injunction (the "Emergency Motion") (Dkt. 6). Plaintiff alleges Defendants Ladera Apartments, "Ms. Judy," and Daniel Paz (collectively, "Defendants") are attempting to evict Plaintiff and his family from their apartment on March 17, 2021, in violation of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") and the Centers for Disease Control and Prevention's Eviction Moratorium. *See* Dkt. 6 at 1.

On February 25, 2021, the Court ordered expedited service of the Emergency Motion on Defendants and an expedited response, and set the Emergency Motion for in-person oral argument for Friday, March 5, 2021, at 1:30 p.m. *See* Dkt. 9.

On March 1, 2021, Plaintiff informed the Court that he could not attend an in-person hearing on March 5, 2021, due to a death in his family. *See* Dkt. 10.

On March 2, 2021, Defendants filed their Original Answer (Dkt. 12). Defendants raise three jurisdictional issues: (1) Plaintiff is not a tenant or occupant named on the lease at issue, and therefore, Plaintiff has no standing to contest the writ of possession under Texas law; (2) the

federal statute implicated in this suit is unconstitutional; and (3) even if the federal statute was constitutional, Plaintiff has no standing under that statute because he is not a tenant on the lease at issue. *See* Dkt. 12.

**IT IS ORDERED** that the hearing on the Emergency Motion (Dkt. 6), previously set for March 5, 2021, at 1:30 p.m., is hereby **CANCELLED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a reply, if any, to Defendants' Original Answer (Dkt. 12) no later than **Tuesday, March 9, 2021**. If the Court deems a hearing is necessary, it will enter an order regarding such under separate cover.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Plaintiff in an expedited manner through FedEx shipping.

**So ORDERED and SIGNED this 3rd day of March, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE