IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AL M. WILLIAMS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-154-SDJ-KPJ |
| LADERA APARTMENTS, *et al.*, | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Al M. Williams' ("Mr. Williams") First Verified Complaint and Request for Emergency Injunction (the "Emergency Motion") (Dkt. 6). Mr. Williams alleges Defendants Ladera Apartments, "Ms. Judy," and Daniel Paz (collectively, "Defendants") are attempting to remove him and his family from their apartment in violation of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") and the Centers for Disease Control and Prevention's ("CDC") eviction moratorium. *See* Dkt. 6 at 1. The Emergency Motion seeks both a temporary restraining order ("TRO") and a preliminary injunction. *See* Dkt. 6.

The Court ordered the parties to file expedited briefing, which the Court received. *See* Dkts. 9, 12, 14. On March 11 and 12, 2021, the Court held telephonic hearings to hear argument on the TRO. *See* Minute Entry for March 11, 2021 (the "First Hearing"); Minute Entry for March 12, 2021 (the "Second Hearing"). During the second Hearing, both parties consented to have the undersigned rule on the Emergency Motion with final authority. *See* Second Hearing. Upon consideration, the Court finds the Emergency Motion (Dkt. 6) is hereby **GRANTED IN PART**.

1

## I.     BACKGROUND

Mr. Williams currently resides at 3930 Accent Drive, Apartment 2411, Dallas, Texas 75287, with his wife and other family members. *See* Dkt. 6 at 1; Dkt. 12 at 8; First Hearing. However, only Carolyn Williams ("Mrs. Williams") is named on the lease, and the lease specifically states no other individuals will occupy this apartment unit. *See* Dkt. 12 at 8 (copy of lease agreement).

Due to unpaid rent, Defendants initiated eviction proceedings against Mrs. Williams in Texas state court and were awarded a writ of possession. *See* Dkt. 12 at 3–4, 18. Mr. Williams then filed the Emergency Motion in this Court, wherein he seeks a TRO and a preliminary injunction to enjoin Defendants from executing the writ of possession. *See* Dkt. 6. Mr. Williams argues the eviction violates the CARES Act and the CDC's eviction moratorium. *See* Dkt. 6. Defendants filed an expedited response, wherein they raise three issues: (1) Mr. Williams is not a tenant or occupant named on the lease at issue, and therefore, Mr. Williams has no standing to contest the writ of possession under Texas law; (2) the CDC eviction moratorium is unconstitutional; and (3) even if the CDC eviction moratorium is constitutional, Mr. Williams has no standing because he is not a tenant on the lease at issue. *See* Dkt. 12.

On March 11, 2021, at 11:00 a.m., the Texas state court granted Defendants' motion to execute the writ of possession, thereby allowing Defendants to schedule an eviction with the sheriff or constable. *See* First Hearing. That same day, at 1:00 p.m., the Court held the First Hearing to discuss the Emergency Motion. *See id.* The next day, the Court held the Second Hearing, during which both parties consented to have the undersigned rule on the Emergency Motion with final authority. *See* Second Hearing.

## II. LEGAL STANDARD

Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Courts in the Fifth Circuit have made clear that temporary restraining orders and preliminary injunctions constitute "extraordinary and drastic remed[ies]," which are "not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *see also Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999) ("Temporary restraining orders and preliminary injunctions are extraordinary relief and rarely issued.").

To obtain such relief, a party seeking a temporary restraining order ("TRO") and/or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest. *See Texas Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 21 (2008)); *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). The movant bears the burden to prove all four requirements in order to be entitled to injunctive relief. *Palmer*, 579 F.3d at 506.

## III. DISCUSSION

On March 27, 2020, the President signed the CARES Act into law. *See* Pub. L. No. 116-136, 134 Stat. 281 (2020). One provision instituted a 120-day prohibition on the initiation of eviction proceedings for certain rental properties. *Id.* § 4024, 134 Stat. at 492–93. Ultimately,

Congress did not renew the CARES Act, and the eviction moratorium for rental properties ended on July 27, 2020. Thus, the CARES Act is inapplicable in this matter.

Approximately one month after the CARES Act's eviction moratorium lapsed, the CDC issued an agency order prohibiting landlords from evicting tenants, currently set to expire on March 31, 2021. *See* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020); Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 86 Fed. Reg. 8,021 (Feb. 3, 2021). By its terms, the moratorium applies to not only tenants and lessees, but also "resident[s]" of a residential property over which a landlord has the legal right to pursue eviction or a possessory action. *See* 86 Fed. Reg. 8,021. Whether Mr. Williams, as husband to a named tenant, qualifies as a "resident" under the agency order is a matter of first impression.

Since the CDC announced its eviction moratorium, at least four federal district courts have weighed in on its constitutionality. *See Terkel v. CDC*, — F. Supp. 3d —, 2021 WL 742877 (E.D. Tex. Feb. 25, 2021) (finding CDC eviction moratorium unconstitutional), *appeal docketed*, No. 21-40137 (5th Cir. Mar. 3, 2021); *Skyworks, Ltd. v. CDC*, No. 5:20-cv-2407, 2021 WL 911720 (N.D. Ohio Mar. 10, 2021) (same); *Chambless Enters., LLC v. Redfield*, — F. Supp. 3d —, 2020 WL 7588849 (W.D. La. Dec. 22, 2020) (finding eviction CDC eviction moratorium constitutional); *Brown v. Azar*, — F. Supp. 3d —, 2020 WL 6364310 (N.D. Ga. Oct. 29, 2020) (same). As is evident from these cases, the constitutionality of the CDC's moratorium is an unsettled area of law, and the Court's decision on this issue requires great care and consideration.

Given the complex substantive questions before the Court, and the grave, irreparable harm Mr. Williams would face if evicted, the Court is of the view that the extraordinary and drastic remedy of preserving the status quo through a TRO is warranted. The Court also finds, at this early

4

stage of litigation, the balance of equities tip in Mr. Williams' favor and the TRO is in the public interest. *See Chambless*, 2020 WL 7588849, at *15–16; *Brown*, 2020 WL 6364310, at *21–23. As stated on the record, many novel issues are before the Court, supplemental briefing is necessary, and the Court requires time to decide the issues before it. *See* Second Hearing.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds Mr. Williams' Emergency Motion (Dkt. 6) is hereby **GRANTED IN PART** as to his request for a TRO. **IT IS ORDERED** that Defendants are enjoined from executing the writ of possession for fourteen (14) days after issuance of this Order. The Court defers ruling on the Emergency Motion's prayer for a preliminary injunction and will enter an order directing expedited briefing under separate cover.

**So ORDERED and SIGNED this 12th day of March, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE