IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AL M. WILLIAMS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-154-SDJ-KPJ |
| LADERA APARTMENTS, *et al.*, | § § § | |
| Defendants. | § § § | |

### ORDER

Pending before the Court is Plaintiff Al M. Williams' ("Mr. Williams") First Verified Complaint and Request for Emergency Injunction (the "Emergency Motion") (Dkt. 6). Mr. Williams alleges Defendants Ladera Apartments, "Ms. Judy," and Daniel Paz (collectively, "Defendants") are attempting to remove him and his family from their apartment in violation of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") and the Centers for Disease Control and Prevention's ("CDC") Eviction Moratorium. *See* Dkt. 6 at 1. The Emergency Motion seeks both a temporary restraining order ("TRO") and a preliminary injunction. *See* Dkt. 6. Today, the Court entered an Order granting the Emergency Motion in part as to Mr. Williams' request for a TRO. At issue is whether the Court should enter a preliminary injunction after the TRO expires.

Upon consideration, the Court enters this order directing the parties to file their briefs in an expedited manner.

**IT IS ORDERED** that Defendants shall file their response to the Emergency Motion no later than **Wednesday, March 17, 2021**.

**IT IS FURTHER ORDERED** that Defendants' response brief shall address the following issues identified by Court:

1. The Texas Supreme Court has issued at least thirty-five (35) Emergency Orders Regarding the COVID-19 State of Disaster. *See Allen v. Sherman Operating Co., LLC*, — F. Supp. 3d —, 2021 WL 460458, at *5 (E.D. Tex. Feb. 18, 2021). What eviction prohibitions, if any, exist under these Emergency Orders?

2. What eviction prohibitions, if any, have been enacted from the Texas state legislative and executive branches?

3. The CDC eviction moratorium defines "covered persons" as "any tenant, lessee, or resident of a residential property who provides to their landlord, the owner of the residential property, or other person with a legal right to pursue eviction or a possessory action." *See* 86 Fed. Reg. 8020 (Feb. 3, 2021). Is Mr. Williams a "covered person" under the eviction moratorium?

4. In *Terkel v. CDC*, — F. Supp. 3d —, 2021 WL 742877, at *4 (E.D. Tex. Feb. 25, 2021), the court did not address whether the CDC eviction moratorium was constitutional under Article II's granting of executive power. Is the CDC eviction moratorium a constitutional exercise of executive power?

5. Is the CDC eviction moratorium a constitutional exercise of legislative power?

6. The court in *Terkel* noted, "Because evictions are not themselves economic activity, their effects cannot be aggregated under the *Wickard* principle." *See id.* at *8. Can the court define "economic activity" as renting and leasing properties and aggregate that under the *Wickard* principle?

The Court notes Defendants' response brief can, and should, address issues beyond those identified herein. Specifically, the Court welcomes Defendants' arguments concerning three other cases reaching this matter. *See Skyworks, Ltd. v. CDC*, No. 5:20-cv-2407, 2021 WL 911720 (N.D. Ohio Mar. 10, 2021); *Chambless Enters., LLC v. Redfield*, — F. Supp. 3d —, 2020 WL 7588849 (W.D. La. Dec. 22, 2020); *Brown v. Azar*, — F. Supp. 3d —, 2020 WL 6364310 (N.D. Ga. Oct. 29, 2020).

**IT IS FURTHER ORDERED** that Mr. Williams shall file his reply, if any, no later than **Monday, March 22, 2021.**

**So ORDERED and SIGNED this 12th day of March, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE