IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS AT PLANO

We The Handicapable, et al

v.    Case Number: _4:21-CV-00154-SDJ-KPJ_

Ladera, et al.

**PLAINTIFF AL M WILLIAMS FIRST AMENDED REPLY BRIEF AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW**, Al M Williams, pro se', Intevenor Plaintiff, for his reply brief motion for partial summary judgment, states,:

I. **INTRODUCTION**

This is an unusually complex and challenging case to brief. It arises out of legislation enacted on April 20, 2020 in response to the then-emerging pandemic of coronavirus disease caused by the SARS-CoV-2 virus (COVID-19). The legislation, in pertinent part, establishes a temporary moratorium on residential evictions. This case presents issues of federal constitutional law that are not often litigated. These include whether and to what extent legislation that might ordinarily violate the United States Constitution is permissible in an emergency. The actions taken to save lives resemble that of Marshall Law in that mandatory compliance was a necessary element. **The 2020 Corona Virus Pandemic set in motion a mandatory, globally responsive, cooperative effort that is unheard of and unprecedented to save life and limb. The government's response mandated compliance at all levels. Executive, legislative, and administrative agencies worked closely together like never before. The CDC , as an administrative agency carried the torch which lead the way to getting the COVID19 pandemic under control or at least to make life manageable. The instant litigation is carving new law and this Court must address matters of first impression.**

1

This case is not about a federal court intervening in a state court proceeding. It is about Landlords acting as "rebels" against CDC as an agency. It is about the rebels illegal attempts to oust the family from it (shelter-in-place) residency.

This case is about the overzealous (rebels) landlords of Ladera resorting to outrageous and unconsciounable tactics to actually remove a covered persons in violation of the CDC's Moratorium and the blatant violation of the plaintiff's First Amendment right to free speech. Hence, *"Ladera believes they are above the law and are doing too much"* (See Plaintiff's verified Complaint)

This Court should enter a preliminary injunction after the TRO expires because the plaintiff has already established his threshold of irreparable harm; the balance of equities tip in the plaintiff's favor; and the economic damages to Ladera are recoverable and minimally trifle.

## II. ARGUMENT

<u>THE PLAINTFF'S BACK RENT IS A TRIFLE AMOUNT= ZERO IRR. HARM</u>
Ladera will not suffer any irreparable harm by the issuance of this preliminary injunction, because the potential harm, if any, is economic and the plaintiff's residing at 2411 owe approximately $2,000.00 in arrearage. This harm can be swiftly cured. In fact the apartment complex has internal programs to help the residents catch up on back rent. The plaintiff is a "vulnerable" covered person of the household in apartment 2411 which has sought aide from Ladera. Ladera will suffer $0 in irreparable harm if preliminary injunction flows.

<u>THE CDC ONLY REQUIRES (1) DECLARATION PER HOUSEHOLD VIA AGENCY</u>

2

## FEDERAL INJUNCTIVE RELIEF IS NECESSARY TO PREVENT FURTHER RETALIATION AND IRREPARABLE HARM TO THE PLAINTIFF

The plaintiff has multiple pre-existing conditions and is vulnerable to death by COVID due his pre-existing conditions. (See attached affidavit as Exhibit A)

The plaintiff has already been hospitalized as a result of COVID and has been hospitalized as a direct proximate result of defendant Ladera's attempts to remove him from 2411. (See hearing #2)

This Court granted a TRO that prevented the defendant Ladera from removing him from 2411. This TRO was granted while he lay in a hospital bed at Plano Presbyterian Hospital on March 12, 2021. This TRO was medically necessary to aide in the plaintiff's recovery. This is the epitome of what a TRO is legally designed to accomplish. (The Courts actions were warranted and necessary)

## GRANTIING OF (TRO) INDICATED LIKILIHOOD OF SUCCESS ON THE MERITS

*"Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents."* . *"The purpose of such interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward. In awarding a preliminary injunction a court must also consider the overall public interest. In the course of doing so, a court need not grant the total relief sought by the applicant but may mold its decree to meet the exigencies of the particular case." Id. (internal citations and quotation marks omitted).*

## **TERKEL DECISION IS UNDER APPEAL TO THE FIFTH CIRCUIT AND SHOULD NOT BE FOLLOWED BLINDLY**

Even, if so, Terkel does not address the underlying issues and controversies presented in this particular case.

This case unearths its own set of issues requiring judicial determination and guidance. Innocent people are harmed by ignorance and uncertainty; so whenever possible judicial determination should add clarity and this is such a case. Had this Court

3

blindly followed Terkel regarding the TRO, the plaintiff would have suffered more harm than he has already suffered at the hands of the defendants Ladera.

Finally, on Saturday February 27, 2021 the Department of Justice issued a position statement regarding Terkel. (See attached as Exhibit B)

These are more reasons why Terkel should not be followed by this Court today:
- The *Chambless* court correctly determined that rental housing is already well-established as having substantial effects on interstate commerce and therefore residential evictions would be a proper subject for Congressional regulation at any time;

- Whether or not Congress has plenary authority to regulate evictions under the Commerce Clause, evictions are significantly economic in character and in the aggregate have substantial effects on interstate commerce;

- The CDC eviction halt order was not based on a Congressional regulation of evictions but a comprehensive statue for responding to interstate public health threats, and incidental agency regulations (such as a temporary eviction restriction) on purely local activity are permissible in fulfillment of the broader statutory scheme;

- The CDC eviction halt order was adopted pursuant to a specific portion of the Public Health Services Act that is dedicated to controlling the interstate spread of communicable diseases, and which has a clear connection to interstate commerce based on the *Lopez/Morrison* factors.

<u>THE COURTS MUST PROTECT U.S. CITIZENS FROM RETALIATION</u>
Ladera is a covered dwelling. But, Ladera's management are rebels. They knew their actions to remove the plaintiff were violative of the CDC's Halt on Evictions and would cause harm to the plaintiff. There were (3) three CDC Declarations turned into Ladera management regarding 2411 in compliance with shelter-in-place mandate.

Al M Williams is just one covered person at 2411. This eviction is an Outrageous act of Civil Rights Retaliation

Based upon information and belief, and upon further investigation and discovery as alleged in the complaint- the only reason eviction is being sought is because the plaintiff

4

filed a lawsuit against Ladera DC19-17458. The underlying lawsuit has caused Ladera to act recklessly, tortiously, and illegally just to remove the plaintiff from his residence. It is settled that the CDC Moratorium anticipated that generations of kindred would shelter together in place to save money and support the elders. In fact the CDC's Moratorium's Halt in Evictions was written to protect these unauthorized occupants and pets. (See plaintiff's complaint )

### III. <u>**CONCLUSION**</u>

The plaintiff has met all threshold considerations for issuance of preliminary injunctive relief. The Court must extend the TRO to prohibit rebels such as Ladera from violating federal law especially during emergencies such as the COVID19 pandemic. Rebellious landlords must be taught not to violate the CDC's mandate. This mandate must be strengthened until it has the impact of Marshall Law because it is necessary to preserve human race and humanity. Injunction must flow because it is in the best interest of a Civilized Society.

Partial Summary Judgment should be made to narrow down the issues at trial of this matter as well.

WHEREFORE, ALL PREMISES, a Partial Interlocutory Summary Judgment can be entered, based on the pleadings, affidavits, and record exhibits establishing:

a) that the plaintiff's took part in 1st Amendment protected activities in filing lawsuit DC19-17458.
b) there were (3) CDC Declarations submitted to Ladera and that Ladera repeatedly undertook actions to remove these three covered persons from their shelter-in-place
c) that it is not in the best interest of the plaintiff and society as a whole to follow *Terkel* decision until after the Fifth Circuit renders its decision.

5

d) That there is a high likelihood of irreparable harm without court intervention so that justice can be done.

/s/Al wms/s/
Al M Williams
3930 Accent DR, 2411
Dallas, Texas 75287
214-414-6371
legalaccessinc@icloud.com

CERTIFICATE OF SERVICE

A copy was emailed to attorney Daniel Paz March 22, 2021