IN THE DISTRICT COURT OF DALLAS COUNTY

DC19-17458

FILED
2020 DEC -7 PM 1:26
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

## AL M WILLIAMS AFFIDAVIT IN SUPPORT OF MOTION FOR CONTINUANCE

COMES NOW, Al M Williams, for his motion for continuance states:

1. It is well settled that a motion for continuance to hire new counsel must be supported by affidavit. See *711 S.W.2d 624 (1986) VILLEGAS v. R. CARTER*

2. My name is Al M Williams. I am plaintiff in this lawsuit. I am requesting a continuance to secure new counsel.

3. On or about November 6, 2020 I informed Ladera that the roof of the garage of apartment 2411 was leaking, water damage, and mold damages and informed Ladera that a new claim for damages would be filed.

4. Immediately thereafter, Ladera filed an untimely motion to dismiss and an emergency motion seeking Court Intervention allowing Ladera to probe and enter the family's rented home. Ladera also sought to force a public meetings between the family, its staff, and its designee. These requests, if granted, invade our privacy, disturb quiet enjoyment, and expose my family to COVID19. These requests are not essential needs.

5. I am extremely vulnerable to COVID19 and at high risk of fatality from exposure to COVID19.

6. On or about November 17, 2020 I was exposed to COVID 19, contracted COVID19, and was hospitalized twice for serious complications as result of my exposure to COVID19.

A

7. Ladera's requests for unnecessary exposure to COVID19 scares me and is life-threatening. I have suffered physical trauma, stress, and much mental anguish as result of these pleading.

8. Ladera's requests for unnecessary exposure to COVID19 falls far below the threshold of an *"essential need"*.

9. The death toll due COVID19 has surged to new heights. Today our nation is at war with COVID19. Today Texas posted a record 15,182 new coronavirus cases; Dallas County adds 1,179 new cases and 8 deaths.

*I hereby certify under penalty of perjury 28 U.S.C. 1746 under the laws of the United States that the foregoing is true and correct.*     12-7-20

### BRIEF IN SUPPORT

*The right to counsel is a valuable right; its unwarranted denial is reversible error. See <u>State v. Crank, 666 S.W.2d at 94</u>; <u>Stefanov v. Ceips, 395 S.W.2d 663, 665 (Tex.Civ.App.—Amarillo, 1965, no writ)</u>. Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. <u>Lowe v. City of Arlington, 453 S.W.2d 379, 382 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.)</u>; <u>Stefanov v. Ceips, 395 S.W.2d at 665</u>; Leija v. Concha, 39 S.W.2d 948, 950 (Tex.Civ.App.—El Paso 1931, no writ). See <u>Robinson v. Risinger, 548 S.W.2d 762 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.)</u>. Before a trial court allows an attorney to withdraw, it should see that the attorney has complied with the Code of Professional Responsibility:*

*[A] lawyer should not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules...............*

*The trial court should either have denied the attorney's motion to withdraw or granted the party's motion for continuance; it did neither. Therefore, we reverse the court of appeals judgment and remand for a new trial.*

**WHEREFORE**, Plaintiff hereby requests a continuance of (30) days to: