IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AL M. WILLIAMS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-154-SDJ-KPJ |
| LADERA APARTMENTS, *et al.*, | § § § | |
| Defendants. | § § § | |

## ORDER

Pending before the Court is Plaintiff Al M. Williams' ("Plaintiff") Motion for Appointment of Counsel to Brief the Complex Issues or in Alternative Extension of Time to Seek Counsel (the "Motion") (Dkt. 19). The Motion explains the issues in this case "are of such complex nature requiring skilled advocacy on a Supreme Court level," and that Plaintiff cannot comply with the Court's expedited briefing schedule. *See id.* The Motion requests counsel be appointed for the evidentiary hearing on the preliminary injunction, to be heard this week on Wednesday, March 24, 2021, or, in the alternative, provide Plaintiff twenty-eight (28) days to find counsel and conduct further research. *See id.*

As the Court noted during two separate telephonic hearings, there is no automatic right to counsel in civil cases. *See* Minute Entries for March 11 and 12, 2021; *see also Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). In civil matters, a federal court has discretion to appoint counsel if exceptional circumstances exist and if doing so would advance the proper administration of justice. *See id.* Factors to consider include (1) the type and complexity of the case, (2) whether an indigent party is capable of adequately presenting his case, (3) whether an indigent party is in

a position to adequately investigate the case, and (4) whether the evidence will consist, in large part, of conflicting testimony "so as to require skill in the presentation of evidence and in cross examination." *Ulmer*, 691 F.2d at 213 (citations omitted).

Here, the Court does not discern exceptional circumstances warranting the appointment of counsel. The Court agrees with Plaintiff that the primary legal question before the Court is complex. However, the underlying facts are straightforward and largely undisputed: Plaintiff is an unauthorized occupant in an apartment unit, and Plaintiff wishes to enjoin Defendants from executing a writ of possession. Plaintiff will have to conduct little investigation, if any, into his case and Plaintiff can adequately present his evidence before the Court. Further, these facts do not indicate the evidentiary hearing will consist of conflicting testimony that would require skill in presenting evidence and cross examination.

Timing considerations also make it impracticable to appoint counsel at this time, as the TRO expires this Friday, March 26, 2021, and the Second CDC Moratorium expires on Wednesday, March 31, 2021. *See* Dkt. 15; 86 Fed. Reg. 8,020. If the CDC extends its moratorium, the Court will reconsider the issue of appointing counsel. For purposes of the evidentiary hearing and the motion for a preliminary injunction, the Court exercises its discretion and denies Plaintiff's request for appointment of counsel.

The Court further denies Plaintiff's request for an extension of time. Because of the TRO's imminent expiration, the Court cannot grant an extension of time to retain counsel prior to ruling on Plaintiff's prayer for a preliminary injunction, unless both parties agree to continue the TRO for such period of time.

Accordingly, the Court finds Plaintiff's Motion (Dkt. 19) is hereby **DENIED WITHOUT PREJUDICE**. The in-person evidentiary hearing on the preliminary injunction, currently scheduled for **Wednesday, March 24, 2021, at 11:30 a.m.**, shall proceed.

**So ORDERED and SIGNED this 23rd day of March, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE