IN THE UNITED STATES DIUSTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
AT PLANO

**Al M Williams, and Family**

Case Number: 4:21-CV-00154

**Ladera, et al.**

FILED
APR 0 5 2021
Clerk, U.S. District Court
Eastern District of Texas

## PLAINTIFF'S EVIDENTIARY HEARING'S REBUTTAL BRIEF AND OBJECTION

**COMES NOW,** Al M Williams respectfully files his rebuttal brief out of an abundance of caution and to prevent manifest injustice, states:

### INTRODUCTION

On March 24, 2021 an evidentiary hearing was conducted before this Court. The plaintiff was unrepresented and defendant Ladera was represented by Counselor Daniel Paz at the hearing. . A full evidentiary hearing was not conducted. The Court took its recess shortly after defendant Ladera had presented its evidence; but prior to the plaintiff being able to make his evidentiary argument of rebuttal. "The Court did not receive -all evidence or hear all -argument on whether a preliminary injunction should issue in this matter" -because the full hearing was not conducted. This hearing was conditionally continued until further notice.

The time is now upon us and plaintiff further NOTICES the Court that the " *CDC Act Moratorium and Halt on Evictions* ("The Act") has been extended and the plaintiff wishes to object to the final order, submit his rebuttal, and asks the Court to reconsider its findings deeming them premature: (See The Act as Exhibit C)

### ARGUMENT

1. Ladera has attempted, multiple times, to " Actually Remove" the plaintiff from his residence in violation of the Act.

2. The Defendant's unrebutted characterization of these facts, during the evidentiary hearing, related to the state court's eviction hearing which was held March 12, 2021 are inconsistent with what actually transpired and conflict with the state law provisions, because, defendant, Ladera did not just simply allow the eviction process to run its

course. Defendant, Ladera, aggressively prosecuted, and attempted to actually remove the residents from apartment 2411 on multiple occassions. These actions were clear violations of the "Act"  -CDC's Moratorium against evictions and the state law protections afforded by 34th Emergency Order as well. These were not acts of innocence.

3. In response to Ladera's, argument of innocence , this Court gently objected, opined, and stated at the evidentiary hearing, that: " the residents must be afforded the broader range of protection" between state law and the Act. In this case the Act provides the broader range of protection. Ladera's actions were not that of innocence.

4. Finally, It is indisputable, that Magistrate Johnson saved the day by enjoining Ladera from removing the plaintiff from his residence on March 11, 2021, as the Court, herself, opined and stated of record, during the injunction hearing- an actual removal would have been accomplished without her intervention. The Court recognized the imminent harm and immediately intervened; which is precisely why the Act was written to protect "covered persons" like us, from overzealous landlords like Ladera.

Today, we have a real-time example of Court intervention in the *"nick-of-time"*. Much praise to the Court and her timely act of merciful intervention.    Thank you, Thank you, Your Honor!

**FACTS**
The state eviction Court had previously issued Ladera a *"live"* writ of possession on June 2, 2020. This *"live"* writ lay dormant until Ladera sought to awaken it to perform an" actual removal" which is in violation of the CDC's Moratorium Act on Evictions. In fact, Ladera took these actions seeking "actual removal" with its' *"Live' Writ of Possession"* on these (4) four distinct occasions:

1) January 29, 2021;
2) February 4, 2021,
3) February 17, 2021,
4) and finally during the March 12, 2021 hearing where Ladera sought "actual removal" again on the record. (See docket sheet ;oentries as Exhibit A)

After, examination of the record, it is undisputable that Ladera was never seeking to challenge the voracity of the CDC declaration at the March 12, 2021 eviction hearing ; they were seeking to kick covered persons out on the streets. *(Hence, there is no record of challenges to Carolyn's CDC declarations at the March 12, 2021 hearing-See Court Reporter's transcript Exhibit B)* ORDERED FOR HEARING

*It is indisputable that Ladera has sought "actual removal" as opposed to allowing the process to run its course. Now, the question of 1st Amendment Retaliation remains, in -tact, to be litigated at a later date.*

During the evidentiary hearing held in this Court on March 24, 2021, Ladera tiptoed around the evidence and their characterization during his argument which went unrebutted because of the recess. The presentation of this rebuttal evidence clearly would have demonstrated that "actual removal" was sought" by Ladera at least four times, which were prohibited acts in violations of the CDC's Moratorium's Halt on Eviction.

These **"violations"** caused the plaintiff physical harm and hospitalization. (See Medical Records and Bills as Exhibit D) already filed at evidentiary hearing.

**CONCLUSION**
Out of an abundance of caution, the Plaintiff must enter this rebuttal on the record because the Court walked away believing that Ladera's actions; thus far ,were in compliance with the CDCs' Act and/or 34th Executive Order. Ladera's actions were not in compliance with the Act or the 34th Order. Ladera's actions were violative in all regards.

The Plaintiff also objects to the misleading narrative and its resulting proposed language in the order, as it was written by attorney Paz in the Courts March 26, 2021 Order. This is a manifest injustice that occurred simply because plaintiff is not articulate and was pro se'.

**WHEREFORE**, all premises, plaintiff prays:

*That the Court take judicial notice of this rebuttal evidence;
*That the Court reconsider its take away from the evidentiary hearing on March 24, 2021;
* That a full preliminary Injunction be entered ;
*That the Court take judicial Notice that the CDC Act was extended March 28, 2021 and for that reason,
- Counsel be appointed to argue, defend, cross-examine, and brief the issues to prevent any further manifest injustice. That the Court forgive me for my frustration and probably confusing pleadings.

Kindly,

Al M Williams, *pro se' litigant*
3930 Accent DR, 2411
Dallas, TX 75287
214-414-6371
LegalaccessInc@icloud.com

4-5-2021

CERTIFICATE OF SERVICE

A copy was sent to Attorney Paz 4/5/2021   EMAIL

CERTIFICATE OFR CONFERENCE

I DID COMMUNICATE Via Email to attempt to resolve this issue