IN THE UNITED STATES DIUSTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
AT PLANO

**Al M Williams, and *Family***

Case Number: 4:21-CV-00154

**Ladera, et al.**

FILED
APR 15 2021
Clerk, U.S. District Court
Eastern District of Texas

## NOTICE OF CDC EXTENSION, REQUEST FOR PROTECTIVE ORDERS, AND MOTION FOR APPOINTMENT OF COUNSEL

**COMES NOW,** Al M Williams respectfully files his notice, requests protection, and renews his request for Appointment of Counsel, to prevent manifest injustice, states:

1. This Court has issued a TRO to protect the plaintiff. Its duration was contingent upon renewal of the CDC's Halt. On March 28, 2021, The CDC Moratorium and Halt on Evictions was extended until June 2021 and now the defendants are attempting to maliciously undermine the relief granted by this Court.

2. The Plaintiff's case has merit, passed the injunction test, and will be tried by on the merits by a (12) twelve person jury. The plaintiff's made claims of Retaliation that must be acknowledged, developed, and advocated by professional counsel.

3. That, upon information and belief, the defendants' are engaging in more retaliation. This is a conspiracy to violate plaintiff's Civil Rights *(1 more time) in retaliation* for the filing of this lawsuit obtaining federal relief. As such, the plaintiff needs another layer of protection. This Court must take NOTICE that this is a toxic and hostile living situation created by this litigation threatens the plaintiff's safety and well-being.

## FACTS RELATED TO REQUEST FOR ORDERS OF PROTECTION

4. The defendants have harassed, threatened, burglarized, and unlawfully entered their home and engaged in multiple retaliatory and unlawful tactics to cause the removal of the family from 2411.

5. On March 11, 2021 this Court has issued a TRO to protect the plaintiff. Its duration was contingent upon renewal of the CDC's Halt.

6. On March 28, 2021 the CDC Moratorium and Halt on Evictions was extended until June 2021.

7. On April 4, 2021 the plaintiff filed a pleading noticing the Court. The filing of this pleading (by operation of law) extended the protection afforded by the Court until June 2021.

8. On the very same day, the defendants Counsel made their "final offer to settle" after an extended very frustrating negotiation processes that **failed.**

9. Immediately, thereafter, the defendants filed a pleading, Motion to Forego Mediation, in which CWS Towing alleges *"criminal activity"* by the plaintiff, specifically stating: ***"Mr Williams remains a tenant of Ladera apartment complex and has frequently threatened the complex's management team. On information and belief, Mr. Williams also has an extensive criminal record which includes a history of violent crime."***
   To date, : "NO criminal activity has ever occurred on the property. NO threats of harm were ever made on the property. No police reports have ever been filed in this regard. On the contrary, the plaintiff's has made reports and filed complaints of threats of harm by the defendants that pre-date this Court's Intervention.

10. That this Court has reviewed the pleadings in this case and can confirm the sequence of events. This Coourt has conducted hearings on March 10,11,24th and can note that ZERO allegations were made regarding *threats of harm, fear, or "Criminally Violent Behavior.s";* That during the extended (2) years of litigation in *DC19-17458* that ZERO allegations were made regarding *threats of harm or "Criminally Violent Behaviors".*

11. That this pleading is harassing, threatening, and filed for an improper purpose *and a hearing be held.*

2.

## **ARGUMENT**

12. Given these recent acts and the history of this litigation; it is clear that the plaintiff is being retaliated against for seeking Federal Court Intervention. Plaintiff is in fear for his life, and in need of immediate protection because the landlords have resorted to "lying" to circumvent this Courts merciful intervention. Strategic Lawyering is one thing; but outright lying to obtain collateral advantage is unethical. Again, Ladera is doing too much.

13. This Court has ORDERED injunctive relief protecting him from removal. The ONLY other way to remove the plaintiff is their BRAND NEW allegations of "criminal activity".

14. The family has resided at 2411 for almost (8) years. During these (8) years the only threatening allegations and/or harm has been directed upon the plaintiff. *Not by the plaintiff. (See attached pleadings seeking Court Ordered Protection)*

15. The defendants have (keys) unlimited access the the plaintiffs home and have history of unlawfully entering this home in the past- during this litigation.

16. The plaintiff fears for his life in that the defendant's may seek *" street- justice."* The plaintiff has sought *"access to courts"* as his weapon for justice." That is why we are here today. But,(With these BRAND NEW unfounded allegations of *"Violent Criminal Behavior* ) the plaintiff greatly fears his safety. In support Plaintiff cites, Rodney King, Martin Luther King, George Floyd, and Kings of Africa. *Black Lives do Matter*.

17. Notably, These assertions did not appear until this Court sought to protect the plaintiff. Upon information and belief, these allegations are brought forth for the improper purpose and setting the stage to seek another eviction based upon allegations of criminal misconduct and/or which circumvents the previous court order. The Defendants' are playing dirty. The authors of the "Act" anticipated such a retaliatory result.

**COURT INTERVENTION IS NECESSARY**

The filing of these criminal allegations are abusive and malicious prosecution tactics. At this point, plaintiffs case requires t a skilled advocate at cross-examination be appointed to uncover the truth, preserve the issues, collect the evidence, and investigate to effectuate the administration of justice for plaintiff and those similarly situated. This case is snow-balling and requires immediate intervention.

18. During the course of this litigation, the plaintiff and his family have been harassed, threatened, cajoled, damaged, and deprived of the quiet enjoyment.

19. These are tactics of the overzealous landlords demonstrating their contumacious indifference to the CDC's mandate. These tactics are fueled by the *Terkel* decision. Although, there was no injunction entered in *Terkel*, the landlords are treating their tenants as though an injunction were entered in *Terkel*, allowing them to force out covered persons by any means necessary. Note, the increasingly savage efforts to throw protected residents out on the streets. The authors of the Act anticipated such a retaliatory result.

    See: *A federal court has discretion to appoint counsel if doing so would advance the proper administration of justice. 28 U.S.C. § 1915(d) (1976). Although "[n]o comprehensive definition of exceptional circumstances is practical," Branch v. Cole, supra, 686 F.2d at 266, a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case, Branch v. Cole, supra, 686 F.2d at 266; Maclin v. Freake, 650 F.2d 885, 888 (7th Cir. 1981); (2) whether the indigent is capable of adequately presenting his case, Branch v. Cole, supra, 686 F.2d at 266; Maclin v. Freake, supra, 650 F.2d at 888; Drone v. Hutto, 565 F.2d 543, 544 (8th Cir. 1977); (3) whether the indigent is in a position to investigate adequately the case, Maclin v. Freake, supra, 650 F.2d at 888; White v. Walsh, 649 F.2d 560, 563 (8th Cir. 1981); Shields v. Jackson, 570 F.2d 284, 285-86 (8th Cir. 1978) (per curiam); Peterson v. Nadler, 452 F.2d 754 (5th Cir. 1971); and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination, Maclin v. Freake, supra, 650 F.2d at 888; Manning v. Lockhart, 623 F.2d 536, 540 (8th Cir. 1980).*



**CONCLUSION**

20. COVID shook up the economic foundation of our nation and it will take time for families to completely recover; even after inoculation. Studies have shown that the CDC's directive were in the best interest of a civilized society.

21. But, the defendant's have lawyered up and have advantage over the plaintiff. These are Civil Rights issues on the forefront of the development and growth of a new nation. The new world order is being shaped by natural disaster. The shaping of Humanity is in the hands of this Court and all Courts of this land right now.

22. The plaintiff is not adept at carrying the burden of humanity of our society on his shoulders. This is a matter of great public interest at stake. It cannot be done by a pro se' litigant. The plaintiff asks that he at minimum be appointed co-cousel and/or limited scope to help properly amend his lawsuit and enter evidence. This is much too technical and complex for a pro se' litigant.

23. During the recent evidentiary hearing a manifest injustice occurred as evidenced by the exhibit list. Although, the plaintiff had a valuable evidentiary contribution, he did not know how to law a foundation. The evidence was valuable. But it did not make it to the evidence list. (See Exhibt C)

24. Plaintiff speaks a language that is hard to decipher by the Court and needs a lawyer to decipher his language and get it on record to help the world. Words were said but they had zero value because he is not as articulate as lawyers seated across the room. Most importantly,, there are many similarly situated citizens and Court intervention is necessary and proper to prevent and deter manifest injustice for ALL. These are matters of great public interest.

25. This Court has the inherent power to appoint Counsel under these circumstances. This Court has the inherent power to protect this litigant from further harm by overzealous landlords or its minions.

**WHEREFORE**, all premises, plaintiff prays:

\* That a full preliminary Injunction be entered ; That an evidentiary hearing be conducted to determine if the defendants pleadings were filed for an improper purpose.

\*That the Court take judicial Notice that the plaintiff is in fear of substantial harm and loss of life. That the Court allow 2411 to install security systems and change locks to all entrance devices.

_That Rule 11 Sanctions be imposed

-That a hearing be conducted to ascertain that sanctions are appropriate.

- Counsel be appointed to argue, defend, cross-examine, and brief the issues to prevent any further manifest injustice. That the Court , forgive, me for my frustration and confusing pleadings.

Kindly,

Al M Williams, *pro se' litigant*
3930 Accent DR, 2411
Dallas, TX 75287
214-414-6371
LegalaccessInc@icloud.com

CERTIFICATE OF SERVICE

A copy of this letter was sent on and I met and conferred today  as well 4/12/2021

CERTIFICATE OFR CONFERENCE

I DID COMMUNICATE Via Email and phone  to attempt to resolve this issue issue

