CENTERS FOR DISEASE CONTROL AND PREVENTION
DEPARTMENT OF HEALTH AND HUMAN SERVICES

ORDER UNDER SECTION 361
OF THE PUBLIC HEALTH SERVICE ACT (42 U.S.C. 264)
AND 42 CODE OF FEDERAL REGULATIONS 70.2

TEMPORARY HALT IN RESIDENTIAL EVICTIONS TO
PREVENT THE FURTHER SPREAD OF COVID-19

SUMMARY

Subject to the limitations under "Applicability," a landlord, owner of a residential property, or other person[1] with a legal right to pursue eviction or possessory action, shall not evict any covered person from any residential property in any jurisdiction to which this Order applies during the effective period of the Order.

DEFINITIONS

*"Available government assistance"* means any governmental rental or housing payment benefits available to the individual or any household member.

*"Available housing"* means any available, unoccupied residential property, or other space for occupancy in any seasonal or temporary housing, that would not violate federal, state, or local occupancy standards and that would not result in an overall increase of housing cost to such individual.

*"Covered person"*[2] means any tenant, lessee, or resident of a residential property who provides to their landlord, the owner of the residential property, or other person with a legal right to pursue eviction or a possessory action,[3] a declaration under penalty of perjury indicating that:

---

[1] For purposes of this Order, "person" includes corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.

[2] This definition is based on factors that are known to contribute to evictions and thus increase the need for individuals to move into close quarters in new congregate or shared living arrangements or experience homelessness. Individuals who suffer job loss, have limited financial resources, are low income, or have high out-of-pocket medical expenses are more likely to be evicted for nonpayment of rent than others not experiencing these factors. See Desmond, M., Gershenson, C., Who gets evicted? Assessing individual, neighborhood, and network factors, *Soc Sci Res*. 2017;62:362-377. doi:10.1016/j.ssresearch.2016.08.017, (identifying job loss as a possible predictor of eviction because renters who lose their jobs experience not only a sudden loss of income but also the loss of predictable future income). According to one survey, over one quarter (26%) of respondents also identified job loss as the primary cause of homelessness. See *2019 San Francisco Homeless Count & Survey Comprehensive Report*, Applied Survey Research, at 22, https://hsh.sfgov.org/wp-content/uploads/2020/01/2019HIRDReport_SanFrancisco_FinalDraft-1.pdf. (last viewed Mar. 24, 2021).

[3] As used throughout this Order, this would include, without limitation, an agent or attorney acting on behalf of the landlord or the owner of the residential property.



assisted multifamily properties. Furthermore, tenants can visit <u>consumerfinance.gov/housing</u> for up-to-date information on rent relief options, protections, and key deadlines.

EFFECTIVE DATE

This Order is effective on April 1, 2021, and will remain in effect through June 30, 2021, subject to revision based on the changing public health landscape.

In testimony whereof, the Director, Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, has hereunto set her hand at Atlanta, Georgia, this 28th day of March 2021.

_____

**Rochelle P. Walensky, M.D., M.P.H.**

**Director,**

**Centers for Disease Control and Prevention**