IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AL M WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:21-cv-154-SDJ-KPJ |
| LADERA APARTMENTS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Plaintiff Al M Williams's Motion to Reinstate Case (Dkt. 58) and Emergency Motion to Reinstate/Set Aside Default Judgment/Reconsider (Dkt. 60) (the "Emergency Motion" and, together with the Motion to Reinstate Case, the "Motions to Reinstate"), as well as the following motions:

- Brief and Request for Declaratory Judgment (Dkt. 53);
- Motion for Declaratory Judgment (Dkt. 54);
- Second Motion for Partial Summary Judgment (Dkt. 55);
- Notice of Vacate – Withdrawal and Application from Emergency Injunction Removal (Dkt. 61);
- Pre-Emptory Motion for Writ of Mandamus Ordering Hearing on Plaintiff's Motion to Re-Instate Trial Court Level (Dkt. 63); and
- Pre-Emptory Motion for Writ of Mandamus Ordering Hearing on Plaintiff's Motion to Re-Instate Trial Court Level (Dkt. 64) (together, the "Remaining Motions").

Upon consideration, the Court recommends the Motion to Reinstate Case (Dkt. 58) be **DENIED**. The Court further recommends the Emergency Motion (Dkt. 60) be **DENIED** to the extent it requests this action be reopened and **DENIED FOR LACK OF JURISDICTION** in all other respects. The Court further recommends the Remaining Motions (Dkts. 53, 54, 55, 61, 63, and 64) be **DENIED FOR LACK OF JURISDICTION**.

## I. BACKGROUND

This case came before the Court on February 23, 2021, upon transfer from the Northern District of Texas. *See* Dkt. 1. Plaintiff Al M Williams ("Plaintiff"), proceeding *pro se*, filed this lawsuit against Defendants Ladera Apartments, Judith McMakin, and Daniel Paz (together, "Defendants"), alleging Defendants sought to unlawfully evict Plaintiff and his family from a unit at Ladera Apartments. *See* Dkts. 1, 5. This case was filed after, and proceeded alongside, a state court action filed by Plaintiff in the 14th District Court of Dallas County (the "State Court Action"). *See* Dkt. 52; *Williams v. Ladera*, No. DC-19-17458 (14th Dist. Ct., Dall. Cnty., Tex. filed Oct. 31, 2019). According to Defendants, Plaintiff and Ladera Apartments entered into a Confidential Compromise Settlement Release Agreement on June 30, 2021 (the "Settlement Agreement"), which settled Plaintiff's claims in both this action and the State Court Action. *See* Dkt. 52. The Settlement Agreement was not provided to the Court.

On July 13, 2021, the parties filed a Joint Stipulation of Dismissal With Prejudice (the "Joint Stipulation") (Dkt. 45) in this action. *See* Dkt. 45. The Joint Stipulation provided:

> Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Al M Williams, *pro se*, and Defendants Ladera Apartments, Judith McMakin, and Daniel Paz, by and through their attorney of record, respectfully and jointly submit this Joint Stipulation of Dismissal with Prejudice. Each party will bear its own attorneys' fees and court costs. The parties jointly request that this Joint Stipulation of Dismissal with Prejudice be accepted and that the Clerk of this Court close this case with prejudice.

*See id.* Plaintiff's claims were dismissed with prejudice and this civil action was terminated.

On July 20, 2021, Plaintiff filed the Amended Stipulation of Dismissal with Prejudice (Dkt. 48), wherein Plaintiff purported to withdraw the Joint Stipulation:

2

> Defendants.  ~~**JOINT**~~ **AMENDED** STIPULATION OF DISMISSAL WITH PREJUDICE
>
> Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Al M Williams, *pro se*, and ~~Defendants Ladera Apartments, Judith McMakin,~~ and Daniel Paz, by and through their attorney of record, respectfully and jointly ~~submit~~ **WITHDRAWS** this Joint Stipulation of Dismissal with Prejudice. ~~Each party will bear its own attorneys' fees and court costs.~~ The parties jointly request that this Joint Stipulation of Dismissal with Prejudice be ~~accepted~~ **rejected** and that the Clerk of this Court ~~close this case with prejudice.~~ **THIS CASE BE TRIED BY JURY**
>
> **# August 10, 2021.**
>
> **BOTH CASES GO TRIAL**
>
> **RECONSIDER DEMANDED**
>
> **LAWYER WAS NOT PRESENT**
>
> Respectfully submitted,
>
> AL M WILLIAMS
>
> By: _____
> Al M Williams
> legalaccessaw@gmail.com
> Al M Williams
> 3930 Accent Drive
> Apartment No. 2411
> Dallas, Texas 75287
> *Pro Se* Plaintiff

*See* Dkt. 48. Thereafter, Defendants filed a Status Report (Dkt. 52), wherein Defendants represented that "[t]he Amended Stipulation of Dismissal (Dkt. 48) filed by Plaintiff Al M Williams on July 20, 2021, is a direct breach of the Settlement Agreement." *See* Dkt. 52. Plaintiff did not immediately respond to Defendants' Status Report.

Plaintiff filed the Motions to Reinstate and Remaining Motions beginning in November 2021. Plaintiff asserts Defendants breached the Settlement Agreement[1] and that Plaintiff was "finagled" and "strong-armed" into entering the Settlement Agreement. *See* Dkts. 60, 61, 63, 64.

---

[1] The Court notes that Plaintiff filed a Complaint Demanding Specific Performance of the Settlement Agreement in the State Court Action, to which Ladera Apartments filed a response and later an amended response. Plaintiff subsequently filed an Amended Complaint Demanding Specific Performance. To date, the state court has not entered an order concerning the Amended Complaint Demanding Specific Performance of the Settlement Agreement. *See Williams v. Ladera*, No. DC-19-17458 (14th Dist. Ct., Dall. Cnty., Tex. filed Oct. 31, 2019).

3

Plaintiff requests the Court: (a) refer this case to mediation;[2] (b) reconsider its prior Order denying Plaintiff a preliminary injunction;[3] (c) appoint counsel for Plaintiff;[4] and (d) grant Plaintiff injunctive relief.[5] Defendants did not file responses to the Motions.

## II.  LEGAL STANDARD

Federal district courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate the claims brought before them. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction has the burden to establish it exists. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 82–83 (1936)).

A stipulation of dismissal filed under Rule 41(a)(1)(A)(ii) dismisses the legal action without court order[6] and thus "ordinarily—and automatically—strips the district court of subject-matter jurisdiction" to preside over the legal action. *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quoting *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018)); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010) (per curiam) ("[A] district court's jurisdiction over a case that is settled and voluntarily dismissed by stipulation cannot extend past the filing date absent an express contingency or extension of jurisdiction, and

---

[2] Plaintiff requests the Court refer this case to mediation in the following motions: Second Motion for Partial Summary Judgment (Dkt. 55-1); Emergency Motion (Dkt. 60); Pre-Emptory Motion for Writ of Mandamus Ordering Hearing on Plaintiff's Motion to Re-Instate Trial Court Level (Dkts. 63–64).

[3] On April 29, 2021, the Court denied Plaintiff's request for a preliminary injunction. *See* Dkt. 36. Plaintiff requests the Court reconsider its ruling in the following motions: Brief and Request for Declaratory Judgment (Dkt. 53); Motion for Declaratory Judgment (Dkt. 54); Second Motion for Partial Summary Judgment (Dkt. 55); Emergency Motion (Dkt. 60).

[4] In the Emergency Motion (Dkt. 60), Plaintiff requests the Court appoint counsel "for purposes of mediation and settlement only."

[5] In the Notice of Vacate – Withdrawal and Application for Emergency Injunction Removal (Dkt. 61) and subsequent Affidavit in Support of Emergency Injunction/TRO (Dkt. 62), Plaintiff requests injunctive relief.

[6] Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides: "the plaintiff may dismiss an action without a court order by filing: . . . (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii).

'any further actions by the court [are] superfluous.'" (alteration in original) (quoting *Meinecke v. H&R Block of Hous.*, 66 F.3d 77, 82 (5th Cir. 1995))). The district court may nevertheless continue presiding over the dismissed action under narrow circumstances. The district court may reopen the case under Federal Rule of Civil Procedure 60(b) if justice so requires. *Scott*, 899 F.3d at 416. Or the district court may exercise ancillary jurisdiction to "resolve 'factually interdependent' claims" or to "address issues implicating the ability 'to manage [the court's] proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* (alteration in original) (quoting *Kokkonen*, 511 U.S. at 379–80). If neither circumstance applies, the district court may not continue proceedings in the dismissed action. *See id.*

### III.    ANALYSIS

#### A. Federal Rule of Civil Procedure 60(b)

The Court first considers the Motions to Reinstate under Federal Rule of Civil Procedure 60. Rule 60 provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "Relief under Rule 60(b) is considered an extraordinary remedy," and the "desire for a judicial process that is predictable mandates caution in reopening judgments." *Stancu v. Starwood Hotels & Resorts Worldwide, Inc.*, 672 F. App'x 362, 366 (5th Cir. 2016) (per curiam)

5

(quoting *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005)). Courts "consistently" refuse to reopen cases that were voluntarily dismissed. *Id.*

Plaintiff's Motion to Reinstate Case asks the Court to "accept all [his] old filings from August–Today." *See* Dkt. 58. Plaintiff's subsequent Emergency Motion provides the basis for Plaintiff's request. Therein Plaintiff represents:

> The defendant's lawyer . . . is a smooth talker that made promises she couldn't keep. The record indicates that the plaintiff had no desire to settle the case under the conditions set forth. The plaintiff was finagled and the sham agreement was forced upon him by [defense counsel]. He was strong-armed. The plaintiff relied upon representations made during negotiations these representations were false, misleading, and in detrimental reliance.
> . . . .
> [Defense counsel] told me that I could have the monies in the registry but separate attorney Paz has back-doored me to take the monies which were rightfully mine pursuant to negotiated agreement.

*See* Dkt. 60. The Court reviews Plaintiff's Motions to Reinstate under Rules 60(b)(3) and 60(b)(6). *See* FED. R. CIV. P. 60(b)(3), (b)(6); *Stancu*, 672 F. App'x at 367 (suggesting a breach of a settlement agreement could provide grounds for relief under Rule 60(b)(3) or (b)(6)); *Republic Fire & Cas. Ins. Co. v. Charles*, No. 17-5967, 2019 WL 5426269, at *3 (E.D. La. Oct. 23, 2019) (quoting *Hernandez v. Compania Transatlantica*, No. 96-0716, 1998 WL 241530, at *2 (E.D. La. May 7, 1998)) (same).

1. *Rule 60(b)(3)*

A court may reopen an action under Rule 60(b)(3) if the movant provides clear and convincing evidence the nonmovant "engaged in fraud or other misconduct" and that such misconduct prevented the movant "from fully and fairly presenting his case." *Scott*, 899 F.3d at 418–19 (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005)). This standard is difficult to meet. *Malagon v. Crescent Hotel & Resorts*, No. 3:16-cv-644, 2018 WL 5717279, at *2 (N.D. Tex. Nov. 1, 2018). Evidence is "clear and convincing" if it "produces in the mind of

6

the trier of fact a firm belief or conviction . . . so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of precise facts of the case." *Id.* (quoting *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013)).

In this case, Plaintiff has not met his burden. Plaintiff did not attach evidence to the Motions to Reinstate. *See* Dkts. 58, 60. The only attachments relevant to this inquiry are emails attached to Plaintiff's Notice of Vacate – Withdrawal and Application for Emergency Injunction Removal (Dkt. 61), wherein Plaintiff accuses Defendants of "reneg[ing] on our agreement with registry funds" and asserts Defendant Daniel Paz "backed out of the deal . . . negotiated regarding the upfront monies." *See* Dkt. 61-3. But these emails, which only contain uncorroborated accusations of Defendants' alleged wrongdoing, do not provide clear and convincing evidence of Defendants' alleged fraud or misconduct. Accordingly, the Court finds Plaintiff has not met his burden to reopen this case under Rule 60(b)(3).

   2. *Rule 60(b)(6)*

Rule 60(b)(6) is a residual clause that may be applied to grant relief in "extraordinary" or "exceptional circumstances." *Scott*, 899 F.3d at 419; *Stancu*, 672 F. App'x at 367. While a breach of a settlement agreement might support relief under Rule 60(b)(6), *see Stancu*, 672 F. App'x at 367, Plaintiff has not established that Defendants breached the Settlement Agreement. The only evidence in the record[7] of Defendants' alleged breach is a one-page excerpt of the Settlement Agreement[8] and emails, described above, wherein Plaintiff vaguely accuses Defendants of

---

[7] These documents were attached to Plaintiff's Notice of Vacate – Withdrawal and Application for Emergency Injunction Removal (Dkt. 61).

[8] Plaintiff filed a one-page excerpt of what looks to be the Settlement Agreement, *see* Dkt. 61-2; this document is not authenticated. The Court cannot discern, based on the filing, whether the document is from the final, executed Settlement Agreement or a draft agreement exchanged between the parties.

reneging on and backing out of the Settlement Agreement. *See* Dkt. 61-2; Dkt. 61-3. Based on the record, the Court cannot determine whether Defendants breached the Settlement Agreement. "Even if [Plaintiff showed Defendants] breached the terms of their settlement, this does not in and of itself justify post-judgment relief, given the importance of maintaining finality of judgments and predictability of the judicial process." *See Stancu*, 672 F. App'x at 367. On balance, the Court finds Plaintiff has not shown that exceptional circumstances exist to warrant reopening this case under Rule 60(b)(6). *See id.* (holding the district court did not abuse its discretion by denying relief under Rule 60(b)(6) when the plaintiff failed to establish a breach of the settlement agreement or any other exceptional circumstances that would justify relief); *Republic Fire & Cas. Ins. Co.*, 2019 WL 5426269, at *3 ("Further, as an aside, the Court also declines to reopen this case for an alleged breach of settlement agreement when it does not have the specific terms of the parties' agreement before it.").

Accordingly, the Court recommends Plaintiff's Motion to Reinstate Case be denied and Plaintiff's Emergency Motion be denied to the extent it requests this action be reopened.[9]

**B. Ancillary Jurisdiction**

The Court finds it does not have ancillary jurisdiction to consider Plaintiff's additional requests for relief asserted in the Emergency Motion[10] or the Remaining Motions. A district court has ancillary jurisdiction to: (1) resolve factually interdependent claims; and (2) to address issues implicating the district court's enforcement authority—that is, its ability to "manage [its]

---

[9] The Court notes that Plaintiff is not without recourse if Defendants did, in fact, breach the Settlement Agreement, as Plaintiff could file a separate action for breach of contract. *See Stancu*, 672 F. App'x at 367 n.16.

[10] In addition to requesting the Court reinstate this action, Plaintiff requests the Court appoint counsel for Plaintiff; award injunctive relief; set aside, clarify, and reform the Settlement Agreement; and order mediation. *See* Dkt. 60.

proceedings, vindicate its authority, and effectuate its decrees." *Scott*, 899 F.3d at 416 (quoting *Kokkonen*, 511 U.S. at 379–80).

First, the Court may not consider any factually interdependent claim asserted in the Emergency Motion or the Remaining Motions. Factually interdependent claims are claims that are so related to claims asserted in the action that they form part of the same case or controversy. *See id.* (factually interdependent claims are those that support supplemental jurisdiction); 28 U.S.C. § 1367(a) (defining claims subject to supplemental jurisdiction). When an action is dismissed, the court loses ancillary jurisdiction to consider factually interdependent claims. *Scott*, 899 F.3d at 416 (collecting cases). Thus, to the extent Plaintiff asks the Court to consider new factually interdependent claims, the Court must decline.

Second, Plaintiff's filings do not implicate the Court's enforcement authority. A court's enforcement authority extends to collateral issues, such as fees, costs, contempt, and sanctions. *Id.* (citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010)). It does not include authority to reconsider prior orders or to consider new requests for relief. *See Qureshi*, 600 F.3d at 525 (explaining when an issue is "collateral," maintenance of the original action is irrelevant to the court's jurisdiction); *see also Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 452–53 (5th Cir. 2022) (narrowly construing a district court's enforcement authority: even where a court retains jurisdiction to enforce a settlement agreement, it may not consider new issues, even if such issues relate solely to the settlement agreement). Thus, to the extent Plaintiff requests the Court refer this case to mediation, reconsider its prior orders, or consider new requests for relief, the Court finds it does not have jurisdiction to do so.

The Court also finds it does not have jurisdiction to enforce the Settlement Agreement. A district court's enforcement authority does not permit it to enforce a settlement that prompted a

9

Rule 41(a) dismissal unless the parties' Rule 41 stipulation "expressly manifest[s] their intent that dismissal be contingent upon a future act (such as the district court's issuing an order retaining jurisdiction)." *Scott*, 899 F.3d at 417 (cleaned up) (quoting *SmallBizPros, Inc.*, 618 F.3d at 463). "But where, as here, the parties unconditionally dismiss their case, 'the stipulation's effectiveness is immediate' and the case is over." *Id.* (cleaned up). To the extent Plaintiff requests the Court enforce the Settlement Agreement, the Court finds it does not have jurisdiction to do so.

## IV.   RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's Motion to Reinstate Case (Dkt. 58) be **DENIED.**

The Court further recommends the Emergency Motion (Dkt. 60) be **DENIED** to the extent it requests this action be reopened and **DENIED FOR LACK OF JURISDICTION** in all other respects.

The Court further recommends the following motions be **DENIED FOR LACK OF JURISDICTION**:

- Brief and Request for Declaratory Judgment (Dkt. 53);
- Motion for Declaratory Judgment (Dkt. 54);
- Second Motion for Partial Summary Judgment (Dkt. 55);
- Notice of Vacate – Withdrawal and Application from Emergency Injunction Removal (Dkt. 61);
- Pre-Emptory Motion for Writ of Mandamus Ordering Hearing on Plaintiff's Motion to Re-Instate Trial Court Level (Dkt. 63); and
- Pre-Emptory Motion for Writ of Mandamus Ordering Hearing on Plaintiff's Motion to Re-Instate Trial Court Level (Dkt. 64).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## V.   ORDER

**IT IS ORDERED** that the Clerk of Court shall email this Order and Report and Recommendation to Plaintiff at alwms870@gmail.com.[11]

**So ORDERED and SIGNED this 4th day of May, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[11] This Order is entered as a courtesy to Plaintiff, who requested to receive electronic service of filings related to his pending Motions. *See* Dkt. 59. Plaintiff did not provide an email address in his Motion to Use Electronic Service. *See* Dkt. 59. The foregoing email address was provided in Plaintiff's recent filings. *See* Dkts. 63, 64.