UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AL M WILLIAMS § | |
| § | |
| v. § | |
| § CIVIL CASE NO. 4:21-CV-154-SDJ | |
| LADERA APARTMENTS, ET AL. § | |
| § | |

## MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 4, 2022, the Report of the Magistrate Judge, (Dkt. #66), was entered containing proposed findings of fact and the recommendation that Plaintiff AL M Williams's Motion to Reinstate Case, (Dkt. #58), be denied and his Emergency Motion to Reinstate/Set Aside Default Judgment/Reconsider, (Dkt. #60), (the "Emergency Motion"), be denied to the extent it requests this action be reopened and denied for lack of jurisdiction in all other requests. The Report further recommends that the Remaining Motions, as defined in the Report, should also be denied for lack of jurisdiction. Having assessed the Report, the record in this case, the Court determines that the Magistrate Judge's Report should be adopted.

Williams's deadline for objecting to the Report was extended twice at Williams's request to June 7, 2022. However, Williams did not file any objections until June 8, 2022, when he filed his first untimely objection. (Dkt. #73). He then filed an untimely supplemental objection on June 13, 2022. (Dkt. #75). On July 7, 2022,

Williams filed a "Complaint for Recission, Modification, and Specific Performance of Contract and Supplemental Objection to R&R," which the Court will construe as another untimely objection to the Report. (Dkt. #79). Because Williams failed to file any timely objections to the Report, despite receiving multiple extensions of time, he is not entitled to the Court's consideration of his objections. However, even to the extent the Court did consider Williams's untimely objections, the Court concludes that they should be overruled for the reasons stated in the Report and as explained further herein.

In his objections, Williams continues to argue that the case should be reopened and requests various relief, such as "setting aside default judgment." *See* (Dkt. #73 and #75). However, as stated in the Report, Williams has failed to demonstrate why this case should be reopened, and absent such reopening, the Court is without jurisdiction to grant other relief.

A stipulation of dismissal under Rule 41(a)(1)(A)(ii) "automatically . . . strips the district court of subject-matter jurisdiction." *Nat'l City Golf Fin., a Div. of Nat'l City Commercial Capital Co., L.L.C. v. Scott*, 899 F.3d 412, 416 (5th Cir. 2018) (citing *SmallBizPros, Inc v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010)). "This typically means that 'any action by the district court after the filing of such a stipulation can have no force or effect.'" *Id.* (quoting *SmallBizPros*, 618 F.3d at 463). Instead, as the Fifth Circuit has stated, a Rule 60(b) motion is the appropriate vehicle to reopen a case that has been dismissed pursuant to a stipulation under Rule 41. *Id.*

For the reasons stated in the Report, the Court concludes that Williams has failed to present clear and convincing evidence establishing that the Defendant "engaged in fraud or other misconduct" that prevented Williams from "fully and fairly presenting his case." (Dkt. #66 at 6). Similarly, the Court agrees with the Report's conclusion that the residual clause in Rule 60(b)(6) does not apply because Williams has not established that Defendants breached the Settlement Agreement, or even if they did, whether that should justify disturbing the finality of the stipulation of dismissal. *See Stancu v. Starwood Hotels & Resorts Worldwide, Inc.*, 672 Fed. Appx. 362, 367 (5th Cir. 2016) (noting that courts "have not generally interpreted 'misconduct' in Rule 60(b)(3) to include the breach of a settlement agreement."). And, because Williams failed to establish that the case should be reopened pursuant to Rule 60(b), the Court is without jurisdiction to grant any of the other relief Williams requests. As such, Williams's objections to the Report are **OVERRULED**.

It is therefore **ORDERED** that the Motion to Reinstate Case (Dkt. #58), is **DENIED**. It is further **ORDERED** that the Emergency Motion (Dkt. #60) is **DENIED** to the extent it requests this action be reopened and **DENIED for lack of jurisdiction** in all other respects. It is further **ORDERED** that the Remaining Motions filed by Williams and related to the requested reopening of this case, (Dkts. #53, #54, #55, #61, #63, and #64) are **DENIED for lack of jurisdiction**.

In addition, Williams has also filed numerous other motions requesting various forms of related relief: Motion to Amend Original Complaint, (Dkt. #56), Motion to Add Cares Act Claims and CDC Violations that Resulted in Death, (Dkt. #57), and

- 4 -

Application for Writ of Mandamus, (Dkt. #67). For the same reasons as stated above, the Court is without jurisdiction to grant any such relief so it is therefore **ORDERED** that these motions are **DENIED for lack of jurisdiction**. Additionally, Williams's Motion to Use Electronic Service, (Dkt. #59), Motion for Five More Days, (Dkt. #77), and Motion for Oral Argument (Dkt. #78), are **DENIED as moot**.

It is further **ORDERED** that Williams must request permission from the Clerk's Office for the Eastern District of Texas before any further filings from him will be accepted in this case.

**So ORDERED and SIGNED this 13th day of July, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE